Gertrude PEDLOW, Plaintiff-Appellant,

v.

Dale STAMP, Defendant-Appellee.

No. 85CA1815.

Colorado Court of Appeals,
Div. I.

July 2, 1987.

Rehearing Denied Aug. 6, 1987.

Certiorari Granted (Pedlow) Feb. 8, 1988.

Cornish & Dell'Olio, Craig M. Cornish, Colorado Springs, for plaintiff-appellant.

Law Offices of Gary F. Dailey, Erika McNeil Boren, Colorado Springs, for defendant-appellee.

PIERCE, Judge.

Plaintiff, Gertrude Pedlow, appeals the trial court's award of attorney fees to defendant, Dale Stamp, pursuant to § 13–17–102, C.R.S. (1986 Cum.Supp.). We affirm and remand.

Plaintiff filed a complaint against defendant alleging that defendant had offered her employment as an independent contractor only if she would obtain workmen's compensation insurance herself. Although acknowledging that no contractual relationship existed, plaintiff alleged that as a result of defendant's refusal to comply with the statutory requirements of the Colorado Workmen's Compensation Act, plaintiff suffered lost employment and emotional suffering.

Defendant filed an answer contending that plaintiff's complaint failed to state a claim. Defendant also filed a counterclaim seeking attorney fees pursuant to § 13–17–102.

After defendant moved for summary judgment, the trial court ruled that, as a matter of law, plaintiff could not prevail upon her claim, since defendant had every right to hire an independent contractor. The complaint was dismissed, and thereafter, defendant moved for summary judgment on the counterclaim seeking attorney fees. The trial court awarded defendant $900 in fees.

Plaintiff's sole contention on this appeal is that she made a good faith attempt to establish a new theory of law in Colorado, and therefore, an award of attorney fees is barred under § 13–17–102(7), C.R.S. (1986 Cum.Supp.). We disagree.

A claim is frivolous, thus authorizing an award of attorney fees, if no rational argument based on the evidence or law can be made in support of such a claim. *See Western United Realty, Inc. v. Isaacs*, 679 P.2d 1063 (Colo.1984). If a trial court determines that the filing of an action is frivolous, it has discretion to award attorney fees in a civil action. *See International Technical Instruments, Inc. v. Engineering Measurements Co.*, 678 P.2d 558 (Colo.App.1983).

Here, plaintiff's complaint alleged two claims for relief. The first sought recovery based on inapplicable sections of the Workmen's Compensation Act. *See* §§ 8–

44–101 and 8–48–101, C.R.S. (1986 Repl. Vol. 3B).

The second claim alleged the violation of a public policy tort which plaintiff claimed emerged from the inapplicable statute. Under this theory, plaintiff argued that she was entitled to monetary recovery. Thus, plaintiff's contention was that a new actionable claim was created by a statute that plaintiff admits was totally inapplicable. We agree that no rational argument based on the law could be made in support of this claim.

We also reject plaintiff's contention that a good faith attempt was made to establish a new theory of law in Colorado. To allow such an argument under these facts would circumvent the General Assembly's objective of deterring unnecessary and unwarranted litigation because such a holding would entitle every litigant to prevail on this "good faith" defense, regardless of the validity of the claim.

Furthermore, plaintiff has not appealed the merits of her claim, but rather has chosen only to appeal the issue of attorney fees. Such an action is wholly inconsistent with any contention that she is attempting, in good faith, to establish a new theory of law. We therefore conclude that no legitimate attempt to establish a new theory of law was made. *See Western United Realty, Inc. v. Isaacs, supra.*

Because we find this appeal to be frivolous, defendant's request for attorney fees incurred as a result of this appeal is hereby granted, and the matter will be remanded for a determination of such fees. C.A.R. 38(a); *see Mission Denver Co. v. Pierson,* 674 P.2d 363 (Colo.1984); and *International Technical Instruments, Inc. v. Engineering Measurements Co., supra.*

The judgment is affirmed, and the cause is remanded for determination of the reasonable attorney fees incurred by defendant in the defense of this appeal.

KELLY and METZGER, JJ., concur.