**Gertrude PEDLOW, Petitioner,**

**v.**

**Dale STAMP, Respondent.**

**No. 87SC322.**

Supreme Court of Colorado,
En Banc.

July 17, 1989.

---

Cornish and Dell'Olio, Craig M. Cornish, Colorado Springs, for petitioner.

Erika M. Boren, Colorado Springs, for respondent.

Frank Plaut, Miles M. Gersh, Feiger & Hyman, Lynn D. Feiger, Popham, Haik, Schnobrich & Kaufman, Ltd., Wiley Y. Daniel, Denver, amicus curiae for the Colorado Bar Ass'n.

Barry D. Roseman, Denver, amicus curiae for the plaintiff Employment Lawyers Ass'n

Justice VOLLACK delivered the Opinion of the Court.

We granted certiorari to review *Pedlow v. Stamp*, 749 P.2d 969 (Colo.App.1987), in which the court of appeals affirmed the trial court's award of attorney fees to the defendant under section 13–17–102. In addition, the court of appeals awarded the defendant attorney fees incurred as a result of the appeal and remanded the case for determination of the amount of those fees. We reverse and remand to the court of appeals with instructions to remand to district court for further proceedings.

## I.

Gertrude Pedlow was the plaintiff in this matter. From 1979 through 1982 Pedlow was employed by the City of Colorado Springs (the City) as the manager of the City's tennis center. Dale Stamp was the tennis professional employed at the tennis center. Pedlow also worked as Stamp's administrative assistant. In 1983, the City entered into an independent contractor agreement with Stamp whereby Stamp was to operate and staff the City's tennis program.

In 1984 Stamp offered Pedlow the job that she had previously held, on the condition that her contract with him would not include a workers' compensation policy and she would have to "waive" such a policy. Pedlow refused to agree to a contract on this basis and Stamp refused to include such a policy, so Pedlow was not rehired. She asserts that she would have signed the contract if it had included a workers' compensation policy.

Pedlow filed a complaint against Stamp in El Paso County District Court, asserting that section 8–48–101(1), 3B C.R.S. (1986), imposes a duty on employers to furnish workers' compensation insurance and that Stamp breached this duty, resulting in an actionable tort.[1] Stamp filed an answer and counterclaim requesting an award of attorney fees. Stamp also filed a motion for summary judgment. The district court granted the summary judgment motion, holding that "as a matter of law ... plaintiff cannot prevail upon her claim" because there was no employer-employee relationship between the plaintiff and the defendant at any time. The district court held that Pedlow's complaint did not set forth "a theory upon which a new theory of law could reasonably be established" and granted the motion, awarding $900 in attorney fees under section 13–17–102, 6A C.R.S. (1987).

We granted certiorari to review two issues. One issue involved the procedure used by the trial court and the other issue related to the substantive argument in the case. Based on our disposition of the procedural issue, we decline to address the

---

1. At the time Pedlow filed her complaint, there was no traditional cause of action that governed these facts. Pedlow's attorney was asserting that this was "a good faith attempt to establish a new theory of law in Colorado." § 13–17–102(7), 6A C.R.S. (1987).

substantive issue [2] and remand the case for further proceedings.

## II.

We granted certiorari to determine whether the court of appeals erred in affirming the trial court's award of attorney fees when the trial court failed to hold a hearing on the award and did not set forth any findings in granting the award of attorney fees under section 13–17–103, 6A C.R.S. (1987).

Section 13–17–103(1) provides that "[w]hen granting an award of attorney fees, the court shall specifically set forth the reasons for said award" and requires the trial court to consider eight factors.[3] Section 13–17–102(4) requires that

> The court shall assess attorney fees if, upon the motion of any party . . ., it finds that an attorney or party brought or defended an action, or any part thereof,

that lacked substantial justification. . . . As used in this article, 'lacked substantial justification' means substantially frivolous, substantially groundless, or substantially vexatious.

§ 13–17–102(4), 6A C.R.S. (1987).

We addressed the necessity of a hearing under section 13–16–121, 6 C.R.S. (1983).[4] In *Board of County Commissioners v. Auslaender,* 745 P.2d 999 (Colo.1987), the Auslaenders appealed the district court's denial of their motion for attorney fees. This order was entered without a hearing. The court of appeals reversed, holding that under the circumstances of the case the county's condemnation action was frivolous and attorney fees should be awarded. *Board of County Comm'rs v. Auslaender,* 710 P.2d 1180 (Colo.App.1985). The court of appeals remanded with directions to the district court to award costs and attorney fees. *Id.* at 1182.

---

2. Due to the limited record on appeal, we are unable to determine whether the theory presented by the plaintiff was "a good faith attempt to establish a new theory of law in Colorado." § 13–17–102(7), 6A C.R.S. (1987). The court made no findings in this regard, and there have been recent and significant changes in the area of employment law. *See, e.g., Churchey v. Adolph Coors Co.,* 759 P.2d 1336, 1349 (Colo. 1988) (an employee can rely on termination provisions in the employee manual to state a claim for wrongful discharge); *Continental Air Lines, Inc. v. Keenan,* 731 P.2d 708 (Colo.1987) (an employee may sue an employer for breach of contract based on the terms of the employee manual); *see also Southwest Forest Industries, Inc. v. Sutton,* 868 F.2d 352 (10th Cir.1989), applying *Coleman v. Safeway Stores, Inc.,* 242 Kan. 804, 815–816, 752 P.2d 645, 652 (1988) (recognizing state tort actions for retaliatory discharge for filing workers' compensation claim and for absences due to work-related injuries).

3. These factors are:
   (a) The extent of any effort made to determine the validity of any action or claim before said action or claim was asserted;
   (b) The extent of any effort made after the commencement of an action to reduce the number of claims or defenses being asserted or to dismiss claims or defenses found not to be valid within an action;
   (c) The availability of facts to assist a party in determining the validity of a claim or defense;
   (d) The relative financial positions of the parties involved;
   (e) Whether or not the action was prosecuted or defended, in whole or in part, in bad faith;
   (f) Whether or not issues of fact determinative of the validity of a party's claim or defense were reasonably in conflict;
   (g) The extent to which the party prevailed with respect to the amount of and number of claims in controversy;
   (h) The amount and conditions of any offer of judgment or settlement as related to the amount and conditions of the ultimate relief granted by the court.
   § 13–17–103(1), 6A C.R.S. (1987).

4. This statute has been repealed and "[a]wards of attorney fees are now governed by section 13–17–101 to –106." *Board of County Comm'rs v. Auslaender,* 745 P.2d 999, 1000 n. 2 (Colo. 1987). Section 13–16–121 provided:
   **Costs allowed to defendants who prevail against public entities.** The defendant in any civil action brought in any court of this state by a public entity. . . . if the defendant is not itself a public entity, shall be entitled to recover against a public entity all court costs, all witness fees, and reasonable attorney fees as determined by the court if the court determines that said action was brought without reasonable basis or is frivolous. The provisions of this section shall not apply to traffic offenses, matters brought under the provisions of the "Colorado Children's Code", title 19, C.R.S., or related juvenile matters, or matters involving violations of municipal ordinances.

We reversed the court of appeals ruling and held:

It is axiomatic that an appellate court "cannot substitute itself as a finder of fact." It was the prerogative of the district court to determine in the first instance whether the county's condemnation action was or was not "without reasonable basis" or "frivolous" because of the county's failure to engage in reasonable negotiations with the Auslaenders. *The district court, however, failed to provide both the Auslaenders and the county an evidentiary hearing on this factual question. In the absence of an adequately developed record, including findings of fact and conclusions of law on the claim for attorney fees, there is simply no basis in fact or in law to support the court of appeals' determination* that the Auslaenders were entitled to attorney fees.

745 P.2d at 1002 (citation omitted) (emphasis added).

Cases decided by the court of appeals applying section 13–17–101 have concluded that a hearing is required under the statute. In *Zarlengo v. Farrer,* 683 P.2d 1208 (Colo.App.1984), the defendant-tenants appealed the trial court's denial of their claim for attorney fees and the court of appeals held:

*Where, as here, a party places in issue a claim for attorney fees pursuant to § 13–17–101,* et. [sic] seq., C.R.S. (1983 Cum.Supp.), *that party has the right to, and the trial court has a duty to conduct, a hearing upon that claim.* Section 13–17–101(3), C.R.S. (1983 Cum. Supp.) requires that the trial court then enter findings of fact and conclusions of law as to whether the claim or defense is "frivolous" or "groundless." And, if a claim or defense is deemed to be frivolous or groundless, the trial court must make findings of fact sufficient to justify the amount of attorneys fees awarded, if any.

683 P.2d at 1210 (citations omitted) (emphasis added).

In *In re the Marriage of Gomez,* 728 P.2d 747 (Colo.App.1986), the trial court awarded attorney fees without making findings and the court of appeals reversed. The court of appeals reversed with reasoning that applies directly to the case at bar.

Here, the trial court makes no findings as to why it regarded wife's claims frivolous; instead, *it simply concluded that her claims were frivolous. Thus, the court's findings are insufficient to support the award of attorney fees.*

*Id.* at 750 (emphasis added); *see also Alessi v. Hogue,* 689 P.2d 649, 651 (Colo.App.1984) (emphasis added) (the trial court "erred in failing to conduct a hearing to determine the amount of attorney fees, if any, attributable to the defense of this claim.... an evidentiary hearing is required to develop facts sufficient for the trial court to exercise its discretion").

In the case before us, the defendant requested an award of attorney fees in his Answer and Counterclaim. Several affidavits were filed setting forth the amount of costs and attorney fees incurred, defense counsel's opinion that "there was no basis in law or fact to support the causes of action set forth in the complaint," and plaintiff's attorney's statement that he "believe[d] in a reasonable possibility of success of the theories underlying the complaint." No hearing was held. Apparently relying only on the pleadings and affidavits, the district court held that the complaint did not state "a theory upon which a new theory of law could reasonably be established" and awarded $900 in attorney fees.[5]

The court's order does not contain any factual findings to support this conclusion or to explain the reason for the award.

---

5. The order stated in its entirety:

This matter comes forward upon the motion of Defendant for award of attorney's fees. The Court has considered the motion and the response of the Plaintiff.

The Court does not find the complaint to have stated a theory upon which a new theory of law could reasonably be established. Therefore, Defendant's claim for attorney's fees should be granted.

The Court has examined Defendant's affidavit and awards judgement [sic] for reasonable attorney's fees for Defendant and against Plaintiff in the amount of $900.00.

The statute specifically requires that "the court *shall specifically set forth the reason for said award and shall* consider [certain] factors." § 13–17–103(1). These factors are not addressed in the court's order. This statute has been construed by the court of appeals to require a hearing, and we agree with that construction. Without such factual findings, appellate review is not possible. In this case there was no hearing. The district court's conclusory award of attorney fees therefore constituted an abuse of discretion.

Because the trial court abused its discretion, the court of appeals erred in affirming the trial court's orders.[6] We reverse and remand the case to the court of appeals with instructions to remand to the district court for a hearing pursuant to section 13–17–103(1) on the issue of whether this lawsuit was frivolous and groundless and findings on that issue. If the court determines on remand that an award of attorney fees is appropriate under the statute then evidentiary findings should be made as to a reasonable amount of costs and attorney fees.

---

**6.** Because we are remanding the case for a hearing, the court of appeals award of appellate attorney fees is also reversed.