Lawrence WEBER, Petitioner–Appellee,

v.

Cynthia WALLACE, f/k/a Cynthia Weber, Respondent–Appellant,

and

Martin P. Miller, Appellant.

No. 86CA0949.

Colorado Court of Appeals,
Div. A.

Aug. 24, 1989.

Rehearing Denied Sept. 21, 1989.

Certiorari Denied March 5, 1990.

Cox, Mustain–Wood & Barbieri, Mary Jane Truesdell Cox and Timothy B. Walker, Littleton, for petitioner-appellee.

Tallmadge, Tallmadge, Wallace & Hahn, P.C., David J. Hahn and Cynthia A. Calkins, Denver, for respondent-appellant.

Holland & Hart, Gregory A. Eurich, Denver, for appellant.

Opinion by Chief Judge KELLY.

The mother, Cynthia Wallace, and her attorney, Martin Miller, appeal the trial court's judgment awarding attorney fees to the father, Lawrence Weber. We affirm in part and reverse in part.

The marriage of mother and father was dissolved in March 1983. The final decree awarded custody of their child to the father with limited visitation to the mother.

In the fall of 1983, without the father's knowledge, the mother took the child to the mother's psychiatrist for an evaluation. Throughout the spring and summer of 1984, the mother took the child to five other mental health professionals for examination and evaluation. They reported that the child was depressed and unhappy living with her father, and they opined that the child's best interests required placing her in her mother's custody.

On March 27, 1985, the mother filed a motion to change custody which was supported by these reports. The motion alleged a "substantial deterioration of the welfare of the child" and asserted that "failure to [change custody] would cause devastating and permanent damage to [the child]."

The court appointed a guardian ad litem to make a custody recommendation. The guardian visited the child at both parents' homes; interviewed the child's regular therapist and the mental health professionals hired by the mother; and hired an independent social worker to conduct an evaluation. The guardian recommended that custody remain with the father and that visitation be increased if the mother participated in "meaningful therapy."

The guardian's recommendations were adopted by stipulation the day that trial of the motion was to begin. The trial court then conducted a hearing on the father's motion for attorney fees and costs incurred in defending the motion to change custody. The trial court found, in accordance with § 13–17–102, C.R.S. (1987 Repl.Vol. 6A), that the motion to change custody was substantially frivolous, substantially groundless, and substantially vexatious. Accordingly, an order awarding fees and costs was entered against the mother and her attorney.

## I.

■ Appellants assert that the trial court erred in awarding attorney fees pursuant to § 13–17–102 because that statute applies only to civil actions commenced on or after July 1, 1984. *See* Colo.Sess.Laws 1984, ch. 107, § 7 at 462. Since the dissolution of marriage proceeding of which this motion is a part was filed in 1982, they argue § 13–17–102 cannot apply. We do not agree.

In *Barden v. Blau*, 712 P.2d 481 (Colo. 1986), decided under the Uniform Child Custody Jurisdiction Act, § 14–13–101, et seq., C.R.S. (1987 Repl.Vol. 6B), the issue decided was whether the trial court had jurisdiction of a visitation motion under circumstances in which Colorado was the child's home state at the time the dissolution of marriage proceeding was commenced, but was not the child's home state when the visitation motion was filed. In reversing the trial court's ruling that jurisdiction did exist, the supreme court reasoned that to interpret the phrase "the time of commencement of the proceeding" as referring to commencement of the initial dissolution action would lead to the illogical result that the state which issued the original custody decree would retain perpetual jurisdiction. Consequently, the relevant "proceeding" was held to be the pending motion affecting custody or visitation.

A similarly illogical result would occur here if we were to adopt appellants' argument. The legislative intent underlying § 13–17–102 is to discourage "civil actions" which lack substantial justification. Although the mother's motion here was technically a part of the earlier dissolution action, it raised separate and distinct issues. Consequently, in this context, the legislative intent is best served by interpreting "civil action" as referring to the pending motion. Accordingly, the trial court did not err in awarding attorney fees pursuant to § 13–17–102.

## II.

Appellants argue that even if § 13–17–102 is applicable, the trial court erred in holding that the mother's motion was substantially frivolous, substantially groundless, and substantially vexatious. We disagree.

An award of attorney fees for bringing a frivolous, groundless, or vexatious action is discretionary with the trial court, *see* § 13–17–103, C.R.S. (1987 Repl.Vol. 6A), and its decision will not be disturbed on appeal if it is supported by the evidence. *Schoonover v. Hedlund Abstract Co.*, 727 P.2d 408 (Colo.App.1986). *See also Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979).

■ Here, the trial court conducted a hearing to determine whether the father was entitled to attorney fees. *See Pedlow v. Stamp*, 776 P.2d 382 (Colo.1989); *Zarlengo v. Farrer*, 683 P.2d 1208 (Colo.App. 1984). The trial court's findings show that it considered the factors set forth in § 13–17–103, and the record supports its findings that the mother's experts had been misled by the mother, that they had not investigated the child's circumstances with her father, and that, therefore, their opinions had been grossly uninformed. Other findings as to the mother's misfeasances in assisting the child's recovery from the impact of the dissolution of the marriage of her parents are also supported by the record. The trial court found, on supporting evidence, that the mother had a scheme for obtaining custody of the child and that her actions in furthering this scheme were not in the best interests of the child. These findings lend ample support for the conclusion that the mother's motion was substantially frivolous, groundless, and vexatious.

## III.

Appellants assert that the trial court erred by awarding excessive attorney fees and costs to the father. We agree in part.

■ First, appellants contend that the trial court erred in finding that the father's use of two attorneys was reasonable. We disagree. There was uncontroverted evidence from an expert in the field of family law that use of two attorneys was justifiable in this case and that their work was

not duplicative. Thus, we perceive no error in the trial court's finding on this issue.

■ However, we agree that the record does not support the trial court's finding regarding the hours expended by each attorney. The trial court found that one attorney expended 249.66 hours defending the motion to change custody, and the other attorney expended 195.7 hours. Their affidavits, however, reflect only 151.7 hours and 123.2 hours respectively. Nothing in the record explains this difference. Consequently, we remand to the trial court to recalculate the amount of the attorney fees award pursuant to a hearing for that purposes. *Pedlow v. Stamp, supra.*

■ We agree that the trial court erred in awarding deposition costs to the father. Although § 13–16–122(1)(g), C.R.S. (1987 Repl.Vol. 6A) allows "costs of taking depositions for the perpetuation of testimony," there is nothing to indicate that these depositions were taken for that reason rather than for ordinary discovery purposes. Accordingly, the trial court erred by awarding deposition costs. *See Morris v. Redak,* 124 Colo. 27, 234 P.2d 908 (1951); *Shultz v. Linden–Alimak, Inc.,* 734 P.2d 146 (Colo. App.1986).

■ We also agree that the trial court erred in taxing the fees of eight expert witnesses against appellants. "In no case ... shall the fees of more than four witnesses be taxed ... unless the court certifies on its minutes that more than four witnesses were really necessary." Section 13–16–112, C.R.S. (1987 Repl.Vol. 6A). *Cf.* § 14–10–128, C.R.S. (1987 Repl.Vol. 6B) (court may tax as costs the expenses of any person whose presence at a custody hearing is deemed necessary). Since the trial court made no such finding here, it was error to assess these costs. Accordingly, we remand to the trial court to determine whether eight witnesses were "really necessary," and if so, which of the witnesses were necessary.

Appellants' other arguments regarding the award of attorney fees and costs are without merit.

## IV.

The mother argues that the trial court erred in calculating her income for purposes of allocating the future fees of the guardian ad litem. We disagree.

■ Section 14–10–116, C.R.S. (1987 Repl.Vol. 6B) provides for appointment of an attorney to represent the child with costs and fees of the attorney to be paid by "any or all of the parties." There is no specific guidance as to the method of apportioning costs between the parties. However, § 14–10–115, C.R.S. (1987 Repl. Vol. 6B) directs that, for purposes of determining child support, the obligation of a parent who is voluntarily underemployed shall be based on that parent's potential income. Reading the Uniform Dissolution of Marriage Act as a whole, *see State Highway Commission v. Haase,* 189 Colo. 69, 537 P.2d 300 (1975), we cannot say that it was error, as a matter of law, for the trial court to apportion the guardian's costs between the mother and the father on the basis of the mother's potential income. Nor do we perceive any error in the method used by the trial court to determine the mother's potential income.

We have considered appellants' other arguments and find them to be without merit.

The judgment is affirmed as to the trial court's determination that the father was entitled to attorney fees and costs pursuant to § 13–17–102, and reversed as to the amount of such fees and costs. The cause is remanded to the trial court for hearing and supporting findings as to the appropriate fees and costs consistent with this opinion. *Pedlow v. Stamp, supra.*

METZGER and FISCHBACH, JJ., concur.