EGRET ENERGY CORPORATION, a Colorado corporation, Plaintiff–Appellee,

v.

E. Jeffrey PEIERLS, Defendant–Appellant.

No. 88CA1778.

Colorado Court of Appeals, Div. A.

March 1, 1990.

No appearance for plaintiff-appellee.

Sherman & Howard, C. Brad Peterson, Denver, for defendant-appellant.

Opinion by Judge SILVERSTEIN *.

Following a completed merger with Target Oil & Gas, Inc., Egret Energy Corporation, the surviving corporation, brought this action pursuant to § 7-4-124, C.R.S. (1986 Repl.Vol. 3A) to determine the value of shares held by dissenting shareholders. Defendant, Jeffrey Peierls, one of the dissenters, appeals from the trial court order setting the value of the shares and assessing Peierls 75 percent of the expert's fee. We reverse.

In the event of a corporate merger, the rights of dissenting shareholders are set forth in §§ 7-4-123 and 7-4-124, C.R.S. (1986 Repl.Vol. 3A), and under those statutes, any shareholder has the right to dissent from any plan of merger, and to obtain payment for his shares.

Section 7-4-124 sets forth the procedures for protection of dissenters' rights. As pertinent here, the section provides:

"(3) If the proposed corporate action is submitted to a vote at a meeting of shareholders, any shareholder who wishes to dissent and obtain payment for his shares shall file with the corporation, prior to the vote, a written notice of intention to demand that he be paid fair compensation for his shares if the proposed action is effectuated and shall refrain from voting his shares in approval of such action...."

Defendant Peierls complied with these requirements.

Section 7-4-124 further provides:

"(4) If the proposed corporate action is approved by the required vote at a meeting of shareholders, the corporation shall mail a notice to all shareholders who gave due notice of intention to demand payment and who refrained from voting in favor of the proposed action.... The notice shall state where and when a demand for payment shall be sent and certificates shall be deposited in order to obtain payment, shall supply a form for demanding payment which includes a request for certification of the date on which the shareholder ... acquired beneficial ownership of the shares, and shall be accompanied by a copy of section 7-4-123 and this section. The time set for the demand and deposit shall be not less than thirty days from the mailing of the notice."

Plaintiff complied with these requirements, and Peierls filed his demand for payment and deposited his shares with the plaintiff within the time prescribed in the notice.

Section 7-4-124(6)(c), C.R.S. (1986 Repl. Vol. 3A) provides that on receipt of the dissenter's certificates the corporation "immediately" shall remit to the dissenter "the amount which the corporation estimates to be the fair value of the shares, with interest if any has accrued." The plaintiff made the remittance of the estimated value in the amount of 6.25 cents per share, and advised that the interest would be forthcoming.

Section 7-4-124(7), C.R.S. (1986 Repl.Vol. 3A) provides:

"[I]f the dissenter believes that the amount remitted is less than the fair value of his shares or that the interest is not correctly determined, he may, within thirty days after the date of mailing of the corporation's remittance, mail to the corporation his own estimate of the value of the shares or of the interest to the

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3), and § 24-51-1105, C.R.S. (1988 Repl.Vol. 10B).

corporation and demand payment of the deficiency...."

Peierls, within the thirty-day period, mailed to plaintiff his own estimate of the value of the shares. He estimated the value at 18 cents per share, demanded payment of the deficiency, and requested payment of the interest. This demand letter was mailed May 3, 1985, and received by plaintiff on May 6, 1985.

On June 3, 1985, plaintiff mailed to Peierls, and other dissenters, the accrued interest. Peierls believed more interest was due and on June 7 requested more information so he could determine whether the interest had been properly computed.

Section 7–4–124(8)(a), C.R.S. (1986 Repl. Vol. 3A) provides:

> "Within sixty days after receiving a demand for payment pursuant to subsection (7) of this section, if any such demand for payment remains unsettled, the corporation shall file in an appropriate court a petition requesting that the fair value of the shares and interest thereon be determined by the court."

The statutory sixty-day period for filing an action to determine fair value expired on July 5, 1985, but plaintiff did not file this action until July 24, 1985.

## I.

Section 7–4–124(8)(f), C.R.S. (1986 Repl. Vol. 3A) states:

> "If the corporation fails to file a petition as provided in paragraph (a) of this subsection (8), each dissenter who has made a demand and who has not already settled his claim against the corporation shall be paid by the corporation the amount demanded by him with interest and may sue therefor in an appropriate court."

Peierls filed an answer and counterclaim in which he requested that he be awarded the amount demanded by him with interest pursuant to the provisions of this subsection. He also filed a motion for summary judgment on his counterclaim.

Briefs were filed and a hearing was held. Plaintiff argued that Peierls' June 7 letter constituted a subsection (7) demand letter

which extended the sixty-day period for filing this action. The trial court agreed, and denied the motion. On appeal, Peierls asserts this was error. We agree.

■ "Where the word 'shall' is used in a statute, it is presumed to be mandatory." *Sargent School District No. RE–33J v. Western Services, Inc.*, 751 P.2d 56 (Colo. 1988). Further, separate clauses within a statute should be interpreted to give effect to the entire statute. *People v. District Court*, 713 P.2d 918 (Colo.1986). Section 7–4–124(8)(f) clearly states that if the action is not filed within the sixty day period provided for in § 7–4–124(8)(a), then the dissenter *shall* be paid the amount demanded by him with interest. Thus, here, the presumption that "shall" is a mandate is unrebuttable.

Peierls' June 7 letter was not mailed within the thirty-day period provided for in subsection (7), and therefore, it did not qualify as a demand letter. It was merely evidence that Peierls' demand remained unsettled.

## II.

■ Following denial of the motion for summary judgment, the action was tried and the issues were submitted to an appraiser who concluded the stock had a value of $.813 per share. The court, without a hearing, approved the appraiser's report, and ordered plaintiff to pay the dissenters on the basis of this evaluation.

Sections 7–4–124(9)(a) and (b), C.R.S. (1986 Repl.Vol. 3A) provide that costs and expenses, including fees of the appraiser and experts, shall be assessed against the corporation "except that any part of the costs and expenses may be apportioned and assessed as the court may deem equitable against all or some of the dissenters who are parties and whose action in demanding supplemental payment the court finds to be arbitrary, vexatious, or not in good faith."

The trial court found Peierls' action to be arbitrary, vexatious and not in good faith, and assessed him 75 percent of the expert's

fees. On appeal, Peierls contends this was error. We agree.

We find nothing in the record which would support this finding. Peierls was merely exercising the rights given to him and other dissenters by statute. "[T]he mere fact that the stockholders took advantage of the statutory remedy and pursued that remedy with great vigor is not in and of itself evidence of bad faith." *In re General Realty & Utilities Corp.*, 29 Del. Ch. 480, 52 A.2d 6 (1947). *Cf. Western United Realty, Inc. v. Isaacs*, 679 P.2d 1063 (Colo.1984). Since Peierls was entitled to summary judgment, costs and expenses should be assessed against plaintiff.

The judgment is reversed and the cause is remanded to the trial court for further proceedings to determine the amount due Peierls with the stock valued at 18 cents per share, and to determine the interest due Peierls.

KELLY, C.J., and PIERCE, J., concur.