James W. CHRISTIAN, Frank Z. Johnston, Kathleen Richards, Bonnie J. Christian and Kathleen A. Johnson, Defendants and Third–Party Plaintiffs–Appellees,

v.

James WESTMORELAND and James Fowler, Third–Party Defendants–Appellants.

No. 89CA1642.

Colorado Court of Appeals, Div. IV.

March 14, 1991.

R. Kyle Ipson, Gunnison, for defendants and third-party plaintiffs-appellees.

James K. Kreutz & Associates, P.C., James K. Kreutz, Englewood, for third-party defendants-appellants.

Opinion by Judge CRISWELL.

Third-party defendants, James Westmoreland and James Fowler, appeal the trial court's orders denying their motion for attorney fees pursuant to § 13–17–101, et seq., C.R.S. (1987 Repl.Vol. 6A). They argue that the trial court erred by failing to hold an evidentiary hearing to determine whether attorney fees should be awarded pursuant to statute, as required by the supreme court's decisions in *Pedlow v. Stamp*, 776 P.2d 382 (Colo.1989), and *Board of County Commissioners v. Auslaender*, 745 P.2d 999 (Colo.1987). Although we recognize that an evidentiary hearing might have been required under the statute, we affirm because neither defendant ever requested such a hearing in the trial court.

## I.

Section 13–17–101 provides for an award of attorney fees to the prevailing party if the evidence or defense to any action "is determined to have been substantially frivolous, substantially groundless, or substantially vexatious."

In *Pedlow v. Stamp, supra,* the supreme court reversed an award of attorney fees under § 13–17–101 on the grounds that the trial court had failed to hold an evidentiary hearing on the issue of whether attorney fees were warranted. In so doing, it quoted *Zarlengo v. Farrer,* 683 P.2d 1208 (Colo. App.1984), as follows:

> " '*Where, as here, a party places in issue a claim for attorney fees pursuant to § 13–17–101 ... that party has the right to, and the trial court has a duty to conduct, a hearing upon that claim.* [This section] ... requires that the trial court then enter findings of fact and conclusions of law as to whether the claim or defense is "frivolous" or "groundless." And, if a claim or defense is deemed to be frivolous or groundless, the trial court must make findings of fact sufficient to justify the amount of attorney fees awarded, if any.' " (emphasis added in *Pedlow*)

■ As *Pedlow* makes clear, therefore, if the trial court orders an award of attorney fees, it is required to make detailed evidentiary findings pursuant to statute. However, even if the trial court makes no award of attorney fees, it may still be required to provide an evidentiary hearing and make findings of fact regarding the statutory criteria for awarding attorney fees, at least if such a hearing has been timely demanded by either party. *See Board of County Commissioners v. Auslaender, supra.*

However, no court has yet stated, and we decline to do so here, that, even in the absence of a demand by any party, a trial court, having sat through the presentation of the parties' evidence, must hold an additional evidentiary hearing before making its determination that there exists no basis for an award of attorney fees pursuant to § 13–17–101.

If, by virtue of evidence admitted at trial, the trial court is able to conclude that a claim or defense, even though it was not accepted by the trier of fact, was not facially frivolous or groundless, then it is difficult to see how a further evidentiary hearing could demonstrate the contrary. Conversely, there may be a good explanation, not apparent from the evidence adduced at the trial on the merits, why a facially frivolous or groundless claim or defense was not, in fact, of such a character. Hence, absent a specific request by one of the parties for the opportunity to present further evidence upon the issue, we hold that a *denial* of an award of attorney fees may be grounded upon the evidence admitted at the trial upon the merits. No fees may be *awarded,* however, without providing the party against whom such an award is sought an opportunity to present such further evidence upon the issue he may desire to do. *Pedlow v. Stamp, supra.*

■ Here, defendant Fowler did not request a hearing on his motion, and defendant Westmoreland argued that the trial court was not required to conduct such a hearing. Under these circumstances, the trial court did not abuse its discretion in denying the request for fees, based on the evidence presented at trial.

## II.

■ Defendants also argue that, even if the trial court was not required to hold an evidentiary hearing to determine whether to award attorney fees, this court should conclude, as a matter of law, that plaintiff's claims were groundless, frivolous, and vexatious, and that we should grant defendant's request for attorney fees on that basis. However, defendants have failed to provide a record sufficient for us to resolve this issue.

The reporter's transcript of the testimony taken at trial is not part of the record on appeal. Yet, the burden is on the appellant to provide a record justifying reversal, and absent such a record, we must presume the regularity of the trial proceedings. *Schuster v. Zwicker,* 659 P.2d 687 (Colo.1983).

Here, we must assume the trial court's denial of attorney fees was supported by the record evidence.

Accordingly, the judgment of the trial court is affirmed.

PLANK and REED, JJ., concur.