**SCHMIDT CONSTRUCTION COMPANY, a Colorado corporation, Plaintiff–Appellant,**

**v.**

**BECKER–JOHNSON CORPORATION, a Colorado corporation, Defendant–Appellee,**

**and Concerning Samuel Frank Schoninger, Appellant.**

No. 90CA1277.

Colorado Court of Appeals, Div. V.

Aug. 15, 1991.

Samuel F. Schoninger, Colorado Springs, for plaintiff-appellant.

Burg & Eldredge, P.C., David P. Hersh, Mark R. Dalessandro, Denver, for defendant-appellee Becker–Johnson Corp.

Michael D. Gross, Colorado Springs, for appellant Samuel F. Schoninger.

Opinion by Judge PLANK.

Plaintiff, Schmidt Construction Company (Schmidt),, and its attorney, Samuel F. Schoninger, appeal the trial court's order assessing attorney fees, costs, and damages against them and in favor of defendant, Becker–Johnson Corporation. We affirm.

This dispute arose out of a disagreement as to who would pay water development fees on a construction project performed by Schmidt on property owned by Current, Inc. Becker–Johnson was the architectural engineer on the project.

The construction contract between Schmidt and Current contained an arbitration clause. It provided that disputes would initially be referred to Becker–Johnson for resolution. If either party was dissatisfied with the initial determination, it was to demand arbitration before a neutral arbitrator.

Consequently, when the dispute arose as to the water development fees, the parties submitted it to Becker–Johnson to be resolved. Becker–Johnson ruled in favor of Current. Instead of demanding arbitration, however, Schmidt filed a complaint in district court against Current and Becker–Johnson. It alleged that Current improperly modified the contract and that Becker–Johnson was negligent in failing to list the water development fees in the contract.

Current responded with a motion to dismiss the action and to compel arbitration, which the trial court granted. Current is not a party to this appeal.

Approximately five months after the complaint was filed, Becker–Johnson filed two motions to dismiss, one on the basis of the arbitration clause and the other on the ground that Schmidt had failed to file a certificate of compliance in accordance with § 13–20–602, C.R.S. (1990 Cum.Supp.).

In turn, two weeks later, Schmidt filed its own motion to dismiss without prejudice. In addition, it responded to Becker–Johnson's motions, stating that they were moot as a result of the filing of its motion. Schmidt did not respond to the merits of Becker–Johnson's motions.

Accordingly, the trial court dismissed the action with prejudice. The court also granted Becker–Johnson leave to file a motion for costs, attorney fees, and sanctions against Schmidt and its attorney under § 13–17–101, et seq., C.R.S. (1987 Repl.Vol. 6A) and C.R.C.P. 11. Becker–Johnson had requested attorney fees, costs, and sanctions in its answer and in its motions to dismiss.

Thus, Becker–Johnson moved for fees, costs, and sanctions. Schmidt did not respond. Its attorney, on his own behalf, responded by stating that he denied liabili-

ty, that the action was justified, and that the court's dismissal of the action with prejudice was improper. He did not request a hearing, nor did he present argument or cite authority in support of his statements.

Two months later, based on the briefs of the parties, the trial court determined that Schmidt's complaint was groundless, frivolous, and lacked substantial justification. It, therefore, awarded Becker–Johnson fees, costs, and damages pursuant to § 13–17–101, et seq., and C.R.C.P. 11.

The court directed the parties to attempt to stipulate to the amounts. If, however, they were unable to agree, it stated that it would determine reasonable amounts based on the affidavits filed by Becker–Johnson and any response Schmidt would file. The court also stated that Schmidt and his attorney could request a hearing on the reasonableness of the fees. If they did, however, it warned that they would be responsible for attorney fees and costs incurred by Becker–Johnson as a result of the hearing.

Schmidt requested a hearing. After the hearing, the court entered an order awarding Becker–Johnson its attorney fees, litigation expenses, and an amount equal to the increase in premium for professional liability insurance that Becker–Johnson incurred as a result of Schmidt's filing of the lawsuit. The court also included attorney fees and costs incurred by Becker–Johnson for the attorney fee hearing.

## I.

■ As a preliminary matter, defendant contends that this appeal is moot as a result of Schmidt's satisfaction of the judgment. We disagree.

At the same time that Schmidt paid the judgment it expressly reserved its right to appeal. Defendant's acceptance and negotiation of the payment constituted an agreement that by satisfying the judgment, Schmidt did not waive its appellate rights. Therefore, defendant is equitably estopped from raising the mootness argument. *Oken v. Hammer*, 791 P.2d 9 (Colo.App. 1990).

## II.

Schmidt contends that the trial court erred in imposing sanctions. We disagree.

■ Section 13–17–102(4), C.R.S. (1987 Repl.Vol. 6A) provides in part:

"The court shall assess attorney fees if, upon the motion of any party or the court itself, it finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification.... As used in this article, 'lacked substantial justification' means substantially frivolous, substantially groundless, or substantially vexatious."

A claim is "frivolous" if no rational argument based on the evidence or law is presented; a claim is "groundless" if it is not supported by any credible evidence. *Merrill Chadwick Co. v. October Oil Co.*, 725 P.2d 17 (Colo.App.1986).

■ C.R.C.P. 11 provides in part:

"The signature of an attorney constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation."

The determination of whether attorney fees should be awarded and in what amount is within the discretion of the trial court. *In re Application of Talco, Ltd.*, 769 P.2d 468 (Colo.1989); § 13–17–103, C.R.S. (1987 Repl.Vol. 6A). Thus, we will not disturb its order unless it abused its discretion.

■ Here, the trial court concluded that the action lacked substantial justification. The court based its conclusion on the facts that: (1) the certification requirements of § 13–20–602 were not met; (2) the contract contained an arbitration clause; and (3)

Schmidt and his counsel otherwise failed to present any evidence to support its claim that Becker–Johnson was negligent. Our examination of the record indicates that the trial court did not abuse its discretion in awarding fees and sanctions.

The record reveals that Schmidt failed at every appropriate opportunity to justify its actions to the trial court. When faced with two motions to dismiss, it filed its own motion to dismiss. It did not explain to the court why it failed to file a certificate of compliance, nor did it explain its position regarding arbitration. Further, Schmidt filed no response to Becker–Johnson's motion for sanctions, and its attorney filed a response which lacked substance.

In sum, the trial court had no evidence before it which supported the filing of a negligence claim against Becker–Johnson. Nor was the court presented with any legal argument in support of its claim. As the record supports the trial court's conclusion, we will not disturb it. *See In re Application of Talco Ltd., supra.*

### III.

■ Schmidt next contends that the trial court erred in not holding a hearing before imposing sanctions. We disagree.

When a party timely requests a hearing on the appropriateness of awarding attorney fees and costs, the court must hold a hearing. *See Pedlow v. Stamp,* 776 P.2d 382 (Colo.1989); *Roa v. Miller,* 784 P.2d 826 (Colo.App.1989).

Here, Schmidt requested a hearing on this issue after the trial court ruled. It did not request a hearing before the ruling despite the fact that it had approximately three months to do so. Thus, we conclude that its request was not timely. And, we decline to rule that the court must *sua sponte* set a hearing. *See Roa v. Miller, supra.* Consequently, we hold that the trial court did not err in not holding a hearing.

### IV.

■ Schmidt next argues that the trial court erred in including the increase of Becker–Johnson's professional liability premium as an item of damages. It claims that sanctions are limited to attorney fees and litigation expenses. We disagree.

The court awarded this item of damage specifically under C.R.C.P. 11. That rule provides that the court may impose "appropriate sanctions" for violation of the rule, including "reasonable expenses incurred because of the filing of the pleadings."

■ The trial court has discretion in fashioning its sanctions under C.R.C.P. 11. *See Schoonover v. Hedlund Abstract Co.,* 727 P.2d 408 (Colo.App.1986). And, the plain language of the rule does not limit the award to attorney fees and litigation expenses. *See* § 2–4–101, C.R.S. (1980 Repl.Vol. 1B).

Moreover, federal courts interpreting Fed.R.Civ.P. 11, after which C.R.C.P. 11 is modeled, have interpreted it to permit sanctions other than the attorney fees and litigation expenses of the moving party. *See First Interstate Bank v. Estates Partnership,* 117 F.R.D. 683 (D.Colo.1987); *Donaldson v. Clark,* 819 F.2d 1551 (11th Cir. 1987).

The record contains evidence that the increase in the insurance premium resulted directly from Schmidt's filing of this action against Becker–Johnson. Under these circumstances, we cannot say that the trial court abused its discretion in awarding these amounts as sanctions. *Baldwin v. Bright Mortgage Co.,* 791 P.2d 1182 (Colo. App.1990); *Schoonover v. Hedlund Abstract Co., supra.*

We have reviewed Schmidt's remaining contentions and find that they are without merit.

### V.

Becker–Johnson moves, pursuant to C.A.R. 38, for sanctions for Schmidt's appeal of this matter. Because a tenable principle of arguable law was presented here, we decline to impose sanctions. *See Mission Denver Co. v. Pierson,* 674 P.2d

363 (Colo.1984); *Baldwin v. Bright Mortgage Co., supra.*

Judgment affirmed.

NEY and VAN CISE *, JJ., concur.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl. Vol. 10B).