SaBELL'S, INC., Plaintiff–Appellee,

and

Sports Facilities Contractors, Ltd. d/b/a Structural Contractors, Ltd., Plaintiff–Appellee and Cross–Appellant,

v.

The CITY OF GOLDEN, Defendant–Appellee,

and

Indiana Lumbermens Mutual Insurance Co., an Indiana corporation, Defendant–Appellant and Cross–Appellee.

No. 90CA0861.

Colorado Court of Appeals, Div. V.

Nov. 7, 1991.

As Modified on Denial of Rehearing Jan. 23, 1992.

Certiorari Granted July 20, 1992.

Scott R. Larson, P.C., Scott R. Larson, Denver, for plaintiff-appellee.

Popham, Haik, Schnobrich & Kaufman, Ltd., Richard G. Sander, R. Daniel Scheid, Denver, for plaintiff-appellee and cross-appellant.

Windholz & Associates, James A. Windholz, William P. Hayashi, David S. Williamson, Boulder, Hall & Evans, Dave Brougham, Denver, for defendant-appellee.

Vanatta, Sullan and Sandgrund, P.C., Scott F. Sullan, Englewood, for defendant-appellant and cross-appellee.

Opinion by Judge RULAND.

Defendant, Indiana Lumbermens Mutual Insurance Co. (Indiana), appeals the judgments entered against it and in favor of plaintiffs, SaBell's, Inc., and Sports Facilities Contractors, Ltd., for contract and public bond claims arising out of a public works project and from the denial of its cross-claim against the City of Golden. Sports Facilities cross-appeals the amount of interest awarded on its claim. We affirm in part and reverse in part.

The City entered into a construction contract with Jorn Electric Corp. to make improvements to the Ulysses Park athletic field located in Golden. The improvements contracted for included landscaping and lighting. Jorn, in turn, subcontracted with SaBell's to perform the landscaping and with Sports Facilities to install the lighting.

Before commencing work, and pursuant to § 38–26–101, C.R.S., (1982 Repl.Vol. 16A), Jorn was required to purchase a performance bond and a labor and material payment bond. Jorn purchased these bonds from Indiana. Indiana's bond agent, James Misken, however, prepared a rider to the bonds and an escrow agreement.

This rider and the escrow agreement required the City to make payments jointly to Jorn and T.F. Bauerle, an escrow agent. Under this agreement, Bauerle was obligated to ensure that these funds were paid to the subcontractors as a form of security for Indiana.

Misken delivered the bonds and the escrow agreement to the director of the City's parks and recreation department. The director supervised the project.

The director initially told Misken that she did not have the authority to enter into the escrow agreement but that she would contact the City's attorney to discuss that issue. She subsequently told Misken that she had the authority to enter into the agreement and, therefore, signed it on behalf of the City.

The City failed to disburse the funds jointly to Jorn and Bauerle. Instead, the City paid only Jorn. Jorn failed to pay SaBell's and Sports Facilities for all of their work, thereby defaulting on the subcontracts. Jorn also defaulted on its general contract, and consequently, the City completed the project.

SaBell's and Sports Facilities brought suit against Indiana for failure to pay the remaining balance on the subcontracts and for damages pursuant to § 38–26–101, et seq., C.R.S. (1982 Repl.Vol. 16A). Sports Facilities also alleged a tort claim against Indiana. Alternatively, the subcontractors claimed damages against the City.

Indiana denied liability, claiming that the bonds were void because the City failed to abide by the escrow agreement. Indiana also asserted defenses based upon the statute of limitations and an alleged failure to mitigate damages.

In other pleadings, Indiana asserted a cross-claim against the City for indemnification. The City denied liability and filed a claim against Indiana for indemnification.

Following a bench trial, the trial court ruled that both SaBell's and Sports Facilities had a right of recovery against Indiana for the amount due under their subcontracts. Also, the trial court determined that both subcontractors were entitled to eight per cent interest on the entire amount of the judgment.

With reference to the indemnification claims, the court ruled that Indiana had no right of indemnification against the City. It concluded that the bond rider was unenforceable as against public policy, that the director had no authority to sign the es-

crow agreement, and that Indiana knew or should have known this fact. Finally, the trial court ruled that both SaBell's and Sports Facilities were entitled to reasonable attorney fees for prosecuting their claims against Indiana because it concluded that Indiana's defenses were frivolous and groundless.

Indiana asserts that the trial court erred in various respects in resolving the contested issues at trial. It is unnecessary to resolve Indiana's contentions relative to the bond rider. Instead, we need only address its contentions relative to the trial court's rulings on damages, interest, and attorney fees.

## I

The trial court found that the evidence failed to establish any damage to Indiana resulting from the City's noncompliance with the rider and the escrow agreement. Relying upon cases such as *Garcia v. Chase Manhattan Bank*, 735 F.2d 645 (2d Cir.1984), Indiana contends that its damage claim was established as a matter of law. It reasons that the claim was established simply by proving that the City made payments to someone other than the specific individuals designated in the escrow agreement. On this basis, Indiana argues that the City must indemnify it by paying Indiana the same amount the City paid Jorn. We reject this contention.

■ The *Garcia* rule applies when the claimant is the one entitled to the funds and the stakeholder improperly transfers the funds to a third party. Here, however, the City paid the funds to a proper claimant, and there is no showing that the funds were not applied in conformance with the contract between the City and Jorn. Thus, the record supports the trial court's finding that Indiana's damages were uncertain and speculative.

Under such circumstances, damages may not be awarded because the fact of damages is uncertain. *See Peterson v. Colorado Potato Flake & Manufacturing Co.*, 164 Colo. 304, 435 P.2d 237 (1967); *Hyman & Co. v. Velsicol Corp.*, 123 Colo. 563, 233 P.2d 977 (1951).

## II

The trial court concluded that pursuant to § 38–26–106, C.R.S. (1982 Repl.Vol. 16A), SaBell's and Sports Facilities were entitled to eight per cent interest from Indiana on the amount not paid to them under the subcontracts. The amount of interest due was calculated from the date notice of their claims was given.

Indiana initially contends that the interest award was in error because Sports Facilities failed to request the interest rate allowable under § 38–26–106(2), C.R.S. (1991 Cum.Supp.) in its complaint. Instead, Sports Facilities claimed interest at the rate of 18 per cent based upon its contract with Jorn. Consequently, Indiana asserts that Sports Facilities waived its entitlement to the statutory interest rate. We disagree.

■ Pursuant to § 38–26–106, C.R.S. (1982 Repl.Vol. 16A): "[I]f the contractor or his subcontractor fails to duly pay for any labor, materials ... the surety will pay the same in an amount not exceeding the sum specified in the bond together with interest at the rate of eight percent per annum." While Sports Facilities requested the contract rate in its complaint, its memorandum brief in support of a motion for summary judgment did request the statutory interest rate under § 38–26–106(2), C.R.S. (1991 Cum.Supp.). Presentation of the issue in this manner, in effect, constituted an amendment to the complaint. *See Discovery Land & Development Co. v. Colorado–Aspen Development Corp.*, 40 Colo.App. 292, 577 P.2d 1101 (1977).

■ We agree with Indiana, however, that it should not be required to pay interest on the amount the City held in retainage. In a case in which the City's retainage is sufficient to pay all claims, the surety for a public project is not even a necessary party to litigation over a subcontractor's claim. Instead, the City serves as a stakeholder and pays out the funds in conformity with the court's order, and it necessarily follows that the surety is not liable

for interest on the retainage. *See South-Way Construction Co. v. Adams City Service*, 169 Colo. 513, 458 P.2d 250 (1969).

By the same reasoning, we conclude that the surety is not liable for interest on the retainage when the City has not withheld sufficient funds to pay all claims.

## III

Indiana next contends that the trial court erred in ruling that the subcontractors were entitled to attorney fees because Indiana's defenses lacked substantial justification. We agree in part.

■ Pursuant to § 13–17–101, C.R.S. (1987 Repl.Vol. 6A), an award of attorney fees is proper if the defense of an action is determined to be substantially frivolous, groundless, or vexatious. In determining whether a claim is frivolous, it must appear that the proponents are unable to present a rational argument based on the evidence or law in support of their claim or defense. *See Talco, Ltd. v. Danielson*, 769 P.2d 468 (Colo.1989); *Western United Realty, Inc. v. Isaacs*, 679 P.2d 1063 (Colo.1984). A legal theory, however, should not be considered frivolous simply because it proves to be ultimately unsuccessful. *Pedlow v. Stamp*, 819 P.2d 1110 (Colo.App.1991).

## A

We conclude that it was error to award fees against Indiana for assertion of its claim that the bonds were void.

The rider to the bonds provided that: This Bond shall be void and of no force or effect unless the terms of this Rider *shall be accepted by the obligee.*
This Bond shall be and remain in full force and effect provided that all checks or drafts in payment of any monies due to Jorn Electrical Corp. (principal) be payable to Jorn Electrical Corp. (principal) and ... [escrow agent]. (emphasis added)

■ To establish acceptance of the bond requirement and to outline the escrow agent's authority and obligations, Misken also required execution of the escrow agreement which was ultimately signed by the director. Based upon the express language of the rider and the signatures on the escrow agreement, Indiana argues that the bonds are void and that, therefore, neither the City nor the subcontractors can pursue any claim against it.

We view this contention as a good faith presentation of a legal theory which was arguably meritorious. *See Pedlow v. Stamp, supra.* Contrary to the argument of the City and the subcontractors, we conclude that there is a rational basis for Indiana's contention that the bond statute does not prohibit this type of condition. And, while such a provision may violate public policy, an issue we also need not decide, we conclude that a good faith argument may be made that it does not.

The critical issue then becomes whether the City legally accepted the rider by virtue of the director's signature on the escrow agreement or whether the City was estopped to contend that the rider was not accepted. *See Jones v. City of Aurora*, 772 P.2d 645 (Colo.App.1988).

The city charter does not authorize the director to sign the escrow agreement. And, while the trial court found that Indiana knew or should have known this fact, Indiana presented evidence which, if accepted, would have supported the opposite resolution of this issue under the doctrine of estoppel. Specifically, there was evidence that the director supervised the project, that approval was obtained from the city attorney for the director to sign the escrow agreement, and that the city attorney executed a statement to the Jorn contract reciting that the bonds were in legal form. Under these circumstances, we are unable to conclude that Indiana's contention was either frivolous or groundless. *See Western United, Inc. v. Isaacs, supra.*

## B

■ We reject Indiana's contention that the trial court erred as a matter of law in awarding fees against Indiana because of the complex nature of the issues presented at trial.

With reference to the statute of limitations defense, *Rocky Mountain Ass'n of Credit Management v. Marshall,* 44 Colo. App. 467, 615 P.2d 68 (1980) is directly on point and resolves this issue adversely to Indiana.

We recognize the propriety of seeking to preserve the issue in the pleadings in order to attempt to persuade a panel of this court not to follow *Rocky Mountain.* *See* C.A.R. 49(a)(3). However, the trial court was bound by the rule in *Rocky Mountain. See* C.A.R. 35(f). Hence, to the extent that the subcontractors were required to address this issue beyond the pleadings, an award of fees may be proper. *See Harrison v. Smith,* 821 P.2d 832 (Colo.App.1991).

■ We agree, however, with Indiana's contention that it was entitled to an evidentiary hearing prior to a final determination whether fees should be awarded for asserting the statute of limitations defense and the defense predicated upon alleged failure to mitigate damages. *See Pedlow v. Stamp,* 776 P.2d 382 (Colo.1989); *Christian v. Westmoreland,* 809 P.2d 1105 (Colo. App.1991).

Here, the issue of an award of attorney fees was mentioned briefly in one opening statement but was not addressed in closing argument by the parties either as to the evidence presented or the statutory factors which the court must consider. *See Talco, Ltd. v. Danielson, supra.* Moreover, Indiana was not afforded an opportunity to present relevant evidence pertaining to the statutory factors. Under these circumstances, a remand for hearing is required. *See Christian v. Westmoreland, supra.*

## C

We also agree with Indiana's contention that the trial court must address its claim that Sports Facilities' pursuit of a tort claim against Indiana was frivolous and groundless.

Finally, we do not view any of the contentions by the parties here to be frivolous or groundless, and thus, we decline to grant any award of attorney fees for the appeal and cross-appeal.

## IV

Last, on cross-appeal, Sports Facilities contends that the trial court erred in not requiring Indiana to pay interest at the contractual rate of 18 per cent. In arguing for the contractual rate, Sports Facilities relies upon § 38–26–106, C.R.S. (1991 Cum. Supp.), which provides that a subcontractor shall recover "all amounts due as the result of the use of such machinery, tools, or equipment...." Sports Facilities claims that the "amount due" after performing its contract, includes the contractual interest rate of 18 per cent on unpaid amounts. We disagree.

■ Indiana was not a party to the contract between Jorn and Sports Facilities. Indiana's obligation to pay interest is, thus, governed by the statute. *See* § 38–26–106(2), C.R.S. (1991 Cum.Supp.).

The judgment awarding SaBell's and Sports Facilities payment on their claims is affirmed together with interest at the statutory rate except for interest on the funds retained by the City. The judgment awarding interest on the funds retained by the City is reversed together with the award of attorney fees against Indiana. The cause is remanded for further proceedings relative to the award of attorney fees consistent with the views expressed in this opinion.

REED and DUBOFSKY, JJ., concur.