**SANTA'S WORKSHOP, a Colorado corporation, Petitioner–Appellee,**

v.

**A.B. HIRSCHFELD PRESS, INC., Respondent–Appellant.**

No. 92CA0072.

Colorado Court of Appeals, Div. II.

March 11, 1993.

Johnson and Johnson, Robert W. Johnson, Scott W. Johnson, Colorado Springs, for petitioner-appellee.

Tallmadge, Wallace, Hahn, Smith & Walsh, P.C., David J. Hahn, Cynthia A. Calkins, Denver, for respondent-appellant.

Opinion by Judge RULAND.

In 1989, North Pole, Inc., approved a plan to merge with its subsidiary, petitioner, Santa's Workshop (Workshop), with the latter entity remaining as the surviving corporation. The merger plan provided that certain of Workshop's shareholders would receive $3.50 per share. One shareholder, respondent, A.B. Hirschfeld Press, Inc., responded with an initial demand for supplemental payment, claiming that the fair value of each of its shares was $16.80.

Workshop then commenced this action for a determination of the fair value of its stock. After the value of the stock was established at $4.04 per share, the court concluded that Hirschfeld's initial demand was "unreasonable and arbitrary if not vexatious," and it therefore awarded Workshop $9,315 in attorney fees pursuant to § 7–4–124(9)(b), C.R.S. (1986 Repl. Vol. 3A) of the Colorado Corporation Code. Hirschfeld appeals from the order awarding fees to Workshop. We affirm.

I.

Hirschfeld contends that the award of attorney fees is void because the trial court lacked subject matter jurisdiction to determine the fair value of the shares. Hirschfeld relies upon § 7–4–102(2), C.R.S. (1986 Repl. Vol. 3A) of the Code, and argues that the conversion provision of a merger plan under § 7–7–106 must treat all shareholders of the same class similarly. Since North Pole's merger plan failed to comply with this requirement because it offered cash payments only to those shareholders who owned less than 7,500 shares of the surviving corporation, Hirschfeld contends that the merger plan was not an authorized plan under § 7–7–106 and, that therefore, the court lacked jurisdiction to resolve the case. We find no merit in this contention.

■ Subject matter jurisdiction involves the court's authority to resolve the case in which it renders judgment. *Board of County Commissioners v. Collard*, 827 P.2d 546 (Colo.1992). The determination of subject matter jurisdiction in a given case generally depends upon the nature of the claim and the relief sought. *In re Marriage of Stroud*, 631 P.2d 168 (Colo.1981).

■ Here, Hirschfeld's argument in essence constitutes a challenge to the procedure by which the merger was effectuated. Such an objection, however, has no bearing on a court's jurisdiction over a petition for valuation of the corporate stock of dissenting shareholders. *See* § 7–4–124(8)(a) and (b), C.R.S. (1986 Repl. Vol. 3A). According-

ly, we reject Hirschfeld's assertion that the court lacked subject matter jurisdiction to address Workshop's petition.

## II.

Relying on *Pedlow v. Stamp*, 776 P.2d 382 (Colo.1989), Hirschfeld contends that the trial court was required to conduct an evidentiary hearing before it could award attorney fees pursuant to Workshop's motion. We disagree.

■ In *Pedlow v. Stamp, supra,* our supreme court held that a party is entitled to an evidentiary hearing before sanctions may be imposed under § 13–17–101, et seq., C.R.S. (1987 Repl. Vol. 6A), which authorizes an award of attorney fees whenever a claim or defense is found to be substantially frivolous, groundless, or vexatious. This does not mean, however, that a trial court is required to set a hearing *sua sponte.* Instead, the right toa hearing may be waived when a party fails to make a timely request in the trial court for that purpose. *Schmidt Construction Co. v. Becker–Johnson Corp.*, 817 P.2d 625 (Colo. App.1991).

■ Here, the record establishes that Hirschfeld made no request for an evidentiary hearing on the motion either in its response to the motion or otherwise. The reasonableness of the fees claimed was not in question. The motion was pending for approximately two months before the court entered its order.

Thus, even if we assume that the hearing requirement discussed in *Pedlow* extends to fee requests under § 7–4–124, the trial court may, in its discretion, rule on the motion in cases in which a timely request for a hearing is not made. Accordingly, we conclude that the trial court's failure to conduct a hearing here does not warrant reversal of the award.

## III.

■ Section 7–4–124(7), C.R.S. (1986 Repl. Vol. 3A) of the Code authorizes a dissenting shareholder who views the offer of payment from the corporation as inadequate to mail the corporation "his own estimate" of the value of the shares. Relying upon *Egret Energy Corp. v. Peierls*, 796 P.2d 25 (Colo.App.1990), Hirschfeld contends that § 7–4–124(7) grants a dissenting shareholder an absolute right to demand supplemental payment in whatever amount may be desired. Hirschfeld therefore asserts that the trial court erred in concluding that its demand of $16.80 per share was unreasonable, thus authorizing an award of fees under § 7–4–124(9)(b). We are not persuaded.

Section 7–4–124(9)(b) of the Code provides that attorney fees and related expenses may be assessed against a dissenting stockholder "if the court finds that the party ... acted arbitrarily, vexatiously, or not in good faith in respect to the rights provided by [section 7–4–124] and section 7–4–123."

In *Egret Energy Corp.*, the corporation had offered $.0625 per share and the dissenting shareholder responded with a demand for $.18 per share. The corporation filed a petition to determine fair value, but failed to do so within the 60 days allowed by § 7–4–124(8)(f), C.R.S. (1986 Repl. Vol. 8). Thereafter, the value of the shares was determined by the court to be $.0813. (We note that the opinion gives this value as $.813, but an examination of the files in that case reveals such to be a typographical error).

Viewing the shareholder's initial demand of $.18 as arbitrary and capricious and thus not in good faith, the trial court awarded fees. A division of this court reversed, concluding that the corporation was obligated to pay the shareholder's initial demand because its petition was late filed and because there was no record support for the trial court's finding that the estimate was not made in good faith.

Here, however, Hirschfeld did not attempt to relate its demand to any recognizable method of stock valuation at any point in these proceedings. Conversely, unlike the factual situation in *Egret Energy Corp.*, the record reflects here that other dissenting shareholders made demands for payment ranging from $5.50 to $7.75 per share. Finally, the method of valuation by the dissenting shareholder in *Egret Energy Corp.* became irrelevant when the corpora-

tion failed to file a timely petition under the Code for valuation of the stock.

Moreover, Hirschfeld did not dispute Workshop's assertion in its motion that all of the corporate books and records had been made available to Hirschfeld but that it had declined to review the material in order to assess the validity of its demand. On the other hand, Hirschfeld failed to respond to any of Workshop's settlement proposals until the court established a deadline for submission of arguments to the appraiser appointed by the court to determine value of the stock.

As a result, even if we assume that significant leeway should be granted in assessing whether a dissenting shareholder's conduct is arbitrary and vexatious because the statute calls for an "estimate of value," we nevertheless conclude that there were sufficient uncontroverted facts before the trial court here which warrant its order.

Workshop has requested an award of the attorney fees and costs incurred in defending against this appeal. However, we conclude that the appeal was not frivolous. *See Schmidt Construction Co. v. Becker–Johnson Corp., supra.*

The order is affirmed.

PIERCE and REED, JJ., concur.