No. 16,923.

LANE *v.* PAGE ET AL.
(251 P. [2d] 1078)

Decided December 15, 1952.   Rehearing denied January 5, 1953.

Messrs. Van Cise & Van Cise, Mr. Earl J. Hower, Mr. Harold H. Harrison, for plaintiff in error.

Mr. Paul A. Johnson, Mr. Carl Cline, Mr. Alex S. Keller, for defendants in error.

*En Banc.*

Mr. Justice Stone delivered the opinion of the court.

In a former action, plaintiffs Page petitioned for declaratory judgment, alleging their ownership of three certain tracts of land and the ownership by defendant Lane of two tracts adjoining them on the west; that a real controversy existed between plaintiffs (and other joined defendants) and defendant Lane over the use of a roadway or avenue adjacent to defendant Lane's tracts; that defendant Lane had placed a blockade across said roadway and contended that he had a right so to do; that plaintiffs were entitled to injunctive relief if by the judgment it was decreed that they were entitled to the use of said roadway, and that the recorded plat would reveal an unconditional dedication of said roadway to the occupants of said tracts. Therein, plaintiffs prayed for declaratory judgment, holding that they could or could not use said roadway, and, if such use were permitted, then for an injunction against interference therewith, "and for other further or different relief as may seem just and proper in the premises."

Upon trial of said cause, the court found and adjudged that said roadway or avenue was not a public thoroughfare or public highway, and that plaintiffs had no right to travel over the same. On review in this court, in *Page v. Lane*, 120 Colo. 416, 211 P. (2d) 549, said judgment was reversed and the case remanded "with direc-

tions to enter a decree giving plaintiffs the right to the use of the avenue as dedicated without interference or obstruction by the defendant, and that the defendant be enjoined from such interference." So far as appears, no judgment further than so ordered was entered or sought on remand.

. The present action was brought, after our decision in the prior case, to recover damages alleged to have resulted to plaintiffs Page prior to the bringing of their former action, from the blockading of the roadway, which, in said action, we held they had the right to use.

The trial court therein gave plaintiffs judgment against defendant Lane in substantial amount, and he seeks reversal here on numerous grounds, but we think the only ground we need consider is that of the asserted bar to the present action by the declaratory judgment sought and awarded in the former proceeding.

All the items of damage upon which plaintiffs rely in this second action had accrued prior to the bringing of the former declaratory judgment suit, and plaintiffs were then in position to bring suit for the recovery thereof. Then, as now, under our rules of procedure, all that would have been necessary for such recovery was the addition to the allegations in the complaint in their former action of the fact of damage and a prayer for recovery. The nature and basis of the claim was the same in the declaratory judgment suit as in this subsequent suit for coercive relief. Had such relief in damages been sought in the first action, the court, as incidental to the determination of the right to damages, would necessarily have determined plaintiffs' right to use the disputed roadway.

Had it been plaintiffs' intention to seek relief in damages, such relief could have been obtained in the former action as readily as in the latter, and by means of one suit instead of two. Since the court has always had authority to determine rights, status and other legal re-

lations, incidental to a coercive judgment where such judgment is sought, the only new remedy or purpose afforded by the declaratory judgment statute is that of declaration of right, status or other legal relation in the absence of right or desire for coercive relief. *Brindley v. Meara,* 209 Ind. 144, 198 N.E. 301, 101 A.L.R. 682. The absence of request for further relief in the statement of claim and prayer, where right thereto has then accrued, is on its face a waiver of claim to such further and available relief. In *Aetna Casualty & Surety Co. v. Quarles,* 92 F. (2d) 321, referring to the discretion of the court in granting the remedy of declaratory judgment, the court said: "It should not be accorded, however, to try a controversy by piecemeal, or to try particular issues without settling the entire controversy * * *." We think it may be said with equal reason that a declaratory judgment should not be sought in order "to try a controversy by piecemeal, or to try particular issues without settling the controversy." Plaintiff should not be permitted by this device to split his cause of action and seek one part of his desired relief in one suit and another part by separate action. Where, as here, the damages were antecedent and might with propriety have been determined in the same proceeding in which declaratory judgment alone was sought, we think such judgment should operate as a bar to any subsequent claim therefor. This is in accord with the general rule. *Pomponio v. Larsen,* 80 Colo. 318, 251 Pac. 534.

Rule 57(h), R.C.P. Colo., provides for further relief based on a declaratory judgment, but we think unless such relief is asked in the same action wherein the declaratory judgment is sought, and in connection therewith, it can be obtained only as to damages accruing subsequent to the date of the declaratory judgment. Whether such damages must be sought in the manner provided by said Rule 57(h) or may be obtained by new and independent suit, we need not here determine.

We think defendant's plea of res judicata by reason

of the former suit was good. The judgment is reversed and the case remanded with instruction to dismiss.