492 P.2d 885 (1971)
Alfred P. ATCHISON and Ida Mae Atchison, Plaintiffs-Appellants,
v.
The CITY OF ENGLEWOOD, a municipal corporation, and the Martin Marietta Corporation, a Maryland corporation, Defendants-Appellees.
No. 71-012.
Colorado Court of Appeals, Div. I.
November 16, 1971.
Rehearing Denied December 7, 1971.
Certiorari Granted February 7, 1972.
*886 Ralph A. Cole, Thomas C. Singer, William O. Perry, Denver, for plaintiffs-appellants.
Bernard Beradini, John A. Criswell, Englewood, for The City of Englewood, defendant-appellee.
Dawson, Nagel, Sherman & Howard, Raymond J. Turner, Denver, for The Martin Marietta Corp., defendant-appellee.
Selected for Official Publication.
PIERCE, Judge.
The primary issue presented in this appeal is whether a judgment in an action solely for declaratory judgment is res judicata in a subsequent suit between the same parties for coercive relief.
The facts giving rise to this appeal are as follows: In January 1949, the Atchisons (plaintiffs) sold approximately 2,500 acres of land to the City of Englewood (City). The property was conveyed to the City by a warranty deed dated January 3, 1949. In connection with the sale, the Atchisons and the City executed a separate agreement purporting to grant to the Atchisons a perpetual right to repurchase or lease the subject property. This agreement, executed on the same date as the warranty deed, was recorded on January 25, 1949. In 1956, the City leased the subject property to The Martin Marietta Corporation (Martin) and granted Martin an irrevocable option to purchase the property during the life of the lease.
In 1966, Martin exercised its option to purchase. Upon receiving notice of Martin's exercise of the option, plaintiffs instituted the first action for a declaratory judgment:
"* * * adjudicating the respective rights and duties of the plaintiffs and the defendants under the agreements and resolutions hereinbefore described; and further declaring that the defendant City has no right to attempt to dispose of said premises without first complying with provisions of its agreement to give plaintiffs sixty days notice in writing within which plaintiffs can exercise the same option and further declaring the rights, if any, of the defendant corporation to be subordinate to the rights of the plaintiffs."
The City and Martin promptly filed motions for summary judgment which were granted on the ground that the preemption clause violated the rule against perpetuities. In a motion for new trial, plaintiffs argued for the first time that they were entitled to other coercive relief and that consequently the action for declaratory judgment should not have been dismissed.
Motion for new trial was denied and plaintiffs appealed to the Colorado Supreme Court. In Atchison v. Englewood, 170 Colo. 295, 463 P.2d 297, the Supreme Court affirmed the trial court's conclusion that the preemption clause was in violation of the rule against perpetutities. In regard to plaintiffs' argument that they were entitled to rescission or other coercive relief, the Court stated:
"The first mention of rescission in the case was in the eleventh ground contained in the motion for new trial. This was to the effect that the court should not have granted summary judgment under the rule against perpetuities when the record disclosed facts warranting relief for specific performance, rescission, reformation, fraud, damage, unjust enrichment and failure of consideration. This was an action for a declaratory judgment as to the validity of the plaintiffs' preemptive rights. It was presented to the trial court on that basis and neither this statement in the motion for new trial nor fleeting mention of it in the original brief filed here changed the nature of the case. For all practical purposes, this new theory in form of relief was first *887 argued nearly a year after the case was at issue here. Until then the plaintiffs sought solely to have a determination that their pre-emptive right was enforceable. Considering all the circumstances, we think the presentation of this request for rescission came too late, and we now sustain the defendants' objection to that effect."
Subsequent to the above decision, plaintiffs filed the present action, seeking coercive relief and alleging the right to recover under the same agreement as in the previous action. Their complaint framed five separate claims, summarized as follows: (1) reformation of the January 3, 1949, agreement to create a valid preemptive right and for specific performance thereof; (2) rescission of the conveyance to the City; (3) damages against the City for failure to grant a valid preemptive right; (4) damages against Martin for impairment of the contract between the Atchisons and the City; and (5) damages against the City and Martin for conspiracy to defeat their right to repurchase.
Thereafter, each of the defendants moved for summary judgment on the ground of res judicata. These motions were granted on the ground that the former action was an absolute bar to the instant action. It is from this ruling that plaintiffs now appeal.
In support of their position plaintiffs first argue that their original action was one solely for declaratory judgment under Colorado's Uniform Declaratory Judgment Act, C.R.S. 1963, 77-11-1, et seq., adopted as R.C.P.Colo. 57. This contention is supported by the decision of the Supreme Court in Atchison v. Englewood, supra, which concluded that the presentation of plaintiffs' claims for coercive relief were "too late."
Since the prior action was solely for declaratory judgment, plaintiffs contend that judgment was res judicata only insofar as it declared the rights of the parties under the preemptive right clause of the contract, but that the declaratory judgment does not bar a subsequent action on the claim for coercive relief under R.C.P.Colo. 57(h), which states:
"Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application therefor shall be by petition to a court having jurisdiction to grant the relief. If the application be deemed sufficient, the court shall, on reasonable notice, require any adverse party whose rights have been adjudicated by the declaratory judgment or decree, to show cause why further relief should not be granted forthwith."
It is plaintiffs' position that the law of res judicata differs in its application to a prior declaratory judgment. They contend that a declaratory judgment is conclusive only as to the matters actually declared and not as to all matters which could have been presented for adjudication. As authority for this proposition, they cite several cases from other jurisdictions and treatises which draw their principal rationale from Restatement of Judgments § 77 (1942).
The law in Colorado has been established contrary to plaintiffs' position, however, and we find this matter is controlled by Lane v. Page, 126 Colo. 560, 251 P.2d 1078. In that case, plaintiffs brought an action for a declaratory judgment that they had a right to use a roadway and, if such use were to be permitted, sought an injunction against interference by the defendant. The trial court found against the plaintiffs, holding that they had no right to travel over the roadway, which judgment was reversed by the Supreme Court in Page v. Lane, 120 Colo. 416, 211 P.2d 549. In a subsequent action, brought by plaintiffs for damages alleged to have resulted from an act occurring prior to the former action, the trial court gave plaintiffs judgment against defendant in a substantial amount. The defendant then sought reversal on the ground that the first action for declaratory judgment was res judicata as to the claims brought in the second action. The Colorado Supreme Court held that the judgment *888 in the first action was res judicata, stating:
"Since the court has always had authority to determine rights, status and other legal relations, incidental to a coercive judgment where such judgment is sought, the only new remedy or purpose afforded by the declaratory judgment statute is that of declaration of right, status or other legal relation in the absence of right or desire for coercive relief. Brindley v. Meara, 209 Ind. 144, 198 N.E. 301, 101 A.L.R. 682. The absence of request for further relief in the statement of claim and prayer, where right thereto has then accrued, is on its face a waiver of claim to such further and available relief. In Aetna Casualty & Surety Co. v. Quarles [4th Cir.] 92 F.2d 321, 325, referring to the discretion of the court in granting the remedy of declaratory judgment, the court said: `It should not be accorded, however, to try a controversy by piecemeal, or to try particular issues without settling the entire controversy * * *.' We think it may be said with equal reason that a declaratory judgment should not be sought in order `to try a controversy by piecemeal, or to try particular issues without settling the controversy.' Plaintiff should not be permitted by this device to split his cause of action and seek one part of his desired relief in one suit and another part by separate action. Where, as here, the damages were antecedent and might with propriety have been determined in the same proceeding in which declaratory judgment alone was sought, we think such judgment should operate as a bar to any subsequent claim therefor. This is in accord with the general rule. Pomponio v. Larsen, 80 Colo. 318, 251 P. 534.
"Rule 57(h), R.C.P.Colo., provides for further relief based on a declaratory judgment, but we think unless such relief is asked in the same action wherein the declaratory judgment is sought, and in connection therewith, it can be obtained only as to damages accruing subsequent to the date of the declaratory judgment." [Emphasis supplied.]
Plaintiffs urge us to distinguish Lane v. Page, because the initial suit in that case involved a claim for injunctive relief and was not solely for declaratory judgment. We do not agree that this is a valid distinction. Although the facts of that case differ somewhat from the one at hand, the language there is explicit and determinative of the issue presented here. We therefore conclude that the declaratory judgment in the previous suit was res judicata as to any right to coercive relief which could have been raised. See Comment, Developments in the LawDeclaratory Judgments, 62 Harv.L.Rev. 787 at 841.
Plaintiffs contend, however, that some aspects of all their claims in the instant action accrued after judgment in the former action was final and are all claims upon which relief may be granted. In its order of December 1, 1970, the trial court concluded that:
"This case involves the same parties, the same issues and claims raised, or that could have been raised, and the same evidence as in the first case. Therefore this action is barred by the former adjudication and the doctrine of res judicata applies."
Although the record indicates that the actual passing of the deed to the subject property did not occur until after judgment in the original suit, we find no claims for relief asserted in the second action which could not have been raised in the original action. These claims are therefore barred by the doctrine of res judicata. Ballas v. Cladis, 167 Colo. 248, 447 P.2d 224, cert. denied, 395 U.S. 921, 89 S.Ct. 1772, 23 L. Ed.2d 238; McDermott v. Bent County District, 135 Colo. 70, 308 P.2d 603; Newby v. Bock, 120 Colo. 454, 210 P.2d 985.
Plaintiffs' further assignments of error have been fully considered and are found to be without merit.
For the reasons set forth above, summary judgment was properly granted.
Judgment affirmed.
DWYER and DUFFORD, JJ., concur.