**W. Robert EASON, Plaintiff–Appellant,**

v.

**The BOARD OF COUNTY COMMISSION-ERS OF THE COUNTY OF BOULDER, and Graham Billingsley, Defendants–Appellees.**

**No. 96CA1691.**

Colorado Court of Appeals, Division V.

Dec. 26, 1997.

Rehearing Denied Feb. 26, 1998.

French & Stone, P.C., Joseph C. French, David M. Haynes, Boulder, for Plaintiff–Appellant.

Boulder County Attorney's Office, H. Lawrence Hoyt, Boulder County Attorney, C. Jan Rundus, Assistant County Attorney, for Defendants–Appellees.

Opinion by Judge CASEBOLT.

In this action for damages under 42 U.S.C. § 1983 (1994), plaintiff, W. Robert Eason, appeals the summary judgment entered in favor of defendants, Boulder County Board of County Commissioners (Board) and Graham Billingsley, the county land use director. We affirm in part, reverse in part, and remand for further proceedings.

The facts are undisputed. Eason owned commercial property located in Boulder county upon which he operated a storage business using semitrailers. Before 1993, the County had informed Eason that such use was proper under the zoning code. However, in 1993, the County changed its interpretation of the zoning and building codes and thereafter commenced a declaratory judgment action against Eason, contending that the use violated the codes. The County also sought injunctive relief to compel Eason to remove the semitrailers from the property.

Eason denied any wrongdoing and, as pertinent here, asserted as an affirmative defense that, to the extent the Board was successful in obtaining the relief sought against

him, he would be deprived of due process of law.

At trial, after the completion of the Board's case-in-chief, the trial court dismissed the Board's complaint, finding that Eason's use was a lawful use under the zoning and building codes, that it was a use by right, and that the reinterpretation by Billingsley and the County was the equivalent of rezoning and thus would require due process. It found that the Board had violated Eason's due process rights.

In a subsequent motion, Eason sought to recover his attorney fees incurred in defending the action, asserting entitlement to them under 42 U.S.C. § 1988 (1994) and § 13–17–101, et seq., C.R.S.1997. The trial court, after a hearing, awarded attorney fees to Eason based on both alternative theories. The propriety of that determination is not before us.

Thereafter, in this separate proceeding, Eason filed a complaint under 42 U.S.C. § 1983 against the Board and Billingsley, alleging that their conduct in reinterpreting the zoning and building codes and in bringing and pursuing the declaratory action against him had violated his civil rights, including his right to due process. He sought damages for loss to his business, humiliation, embarrassment, emotional distress, mental anguish, loss of sleep and other physical symptoms, and loss of enjoyment of life. He also sought to recover attorney fees, costs, and expenses incurred in connection with the declaratory action and in the instant proceeding.

Billingsley and the Board moved to dismiss, and the trial court, treating the motion as one for summary judgment, granted it based on its determination that the doctrine of *res judicata* barred Eason's claims.

Eason contends the trial court erred in concluding that *res judicata* barred his claims. We agree in part.

■ The doctrine of *res judicata* generally holds that an existing judgment is conclusive of the rights of the parties in any subsequent suit on the same claim. *Michaelson v. Michaelson*, 884 P.2d 695 (Colo.1994). It applies to bar subsequent actions when the initial proceeding produces a final judgment, and when identity of subject matter, identity of claims for relief, and identity of parties exist as to both claims. *City & County of Denver v. Block 173 Associates*, 814 P.2d 824 (Colo.1991).

■ *Res judicata* not only bars issues actually decided, but also any issues that should have been raised in the first proceeding, but were not. *City & County of Denver v. Block 173 Associates, supra.*

■ Unless compulsory counterclaim rules apply, the traditional rule is that purely defensive use of a legal theory does not preclude a later action for affirmative recovery on the same theory. *Schneider v. Colegio de Abogados de Puerto Rico*, 546 F.Supp. 1251 (D.P.R.1982); 18 *Moore's Federal Practice* § 131.22[1][b] (3d ed.1997); *see Virginia–Carolina Chemical Co. v. Kirven*, 215 U.S. 252, 30 S.Ct. 78, 54 L.Ed. 179 (1909) (even though issue of setoff might have been raised as a defense in the previous action, present action for damages was not precluded).

Subject to exceptions not relevant here, C.R.C.P. 13(a) requires an answer to a complaint to include any counterclaims that the pleader has against the opposing party at the time of filing, if such counterclaims arise out of the same transaction or occurrence as the opposing party's claim.

■ However, a declaratory judgment does not constitute an absolute bar to subsequent proceedings in which the parties are seeking other remedies, even though based upon claims which could have been asserted in the original action. *Atchison v. City of Englewood*, 180 Colo. 407, 506 P.2d 140 (Colo.1973); *see* 2 W. Anderson, *Actions for Declaratory Judgments* § 461 (2d ed.1951) ("relief may be obtained in an action in which a declaratory judgment is sought, but the failure to seek such relief in such action or suit does not constitute a bar to other proceedings to enforce the rights determined by the judgment"); C.R.C.P. 57(h) (subsequent to declaratory judgment, further relief may be granted where necessary or proper).

■ Here, the trial court determined that *res judicata* applied to bar Eason's claims because his complaint was "identical in all

material respects to the matter considered in [the declaratory action]." The court concluded that identity of subject matter, cause of action, and parties was satisfied as between the two proceedings. In so doing, the trial court considered *Atchison,* but determined that it did not apply to the instant case, relying instead on *Lane v. Page,* 126 Colo. 560, 251 P.2d 1078 (1952).

In *Lane,* the supreme court had held that a plaintiff who had prevailed in a declaratory judgment action, and later sought damages for the same conduct in a separate action, was barred from doing so by *res judicata.* However, the *Atchison* court explicitly overruled *Lane.* The effect of this holding was to exempt certain subsequent proceedings from the application of the bar of *res judicata* when the previous action rendered relief by declaratory judgment.

We conclude that the *Atchison* holding allows Eason to bring a separate claim for damages in this later proceeding and that he was not required to assert this claim as a compulsory counterclaim in the declaratory judgment action. *See* Restatement (Second) of Judgments § 33 comment c (1982) (a declaratory action determines only what it actually decides and does not have a claim preclusive effect on other contentions that might have been advanced, including counterclaims by a defendant that, in any other type of action, would be barred by compulsory counterclaim rules); *Harborside Refrigerated Services, Inc. v. Vogel,* 959 F.2d 368 (2d Cir.1992) (second action brought by defendant who was prevailing party in prior declaratory judgment proceeding not precluded by *res judicata* even though party could have raised the claims as counterclaims in the initial suit); *Valley Oil Co. v. City of Garland,* 499 S.W.2d 333 (Tex.Civ.App.1973) (defendant in a declaratory judgment action not barred from a subsequent application for coercive relief unless such application was actually considered in the original proceeding, even if relief sought might otherwise be barred by compulsory counterclaim rules).

■ However, because Eason did litigate the issue of attorney fees, costs, and expenses for defense of the declaratory judgment action, he cannot again litigate the issue of those same fees and expenses in this proceeding. See *Atchison v. City of Englewood, supra* (a declaratory judgment is conclusive as to the questions raised by the parties and passed upon by the trial court).

That part of the judgment dismissing Eason's claims for attorney fees, costs, and expenses incurred in the declaratory judgment action is affirmed. The balance of the judgment is reversed, and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

RULAND and KAPELKE, JJ., concur.