BOARD OF COMMISSIONERS,
COUNTY OF BOULDER,
Plaintiff–Appellant,

v.

Robert EASON, Defendant–Appellee.

No. 96CA1888.

Colorado Court of Appeals,
Div. IV.

May 28, 1998.*

Rehearing Denied July 2, 1998.

Certiorari Denied April 19, 1999.

* Prior opinion announced April 16, 1998, WITH-    DRAWN. Petition for Rehearing GRANTED.

H. Lawrence Hoyt, County Attorney, C. Jan Rundus, Assistant County Attorney, Boulder County Attorney's Office, Boulder, for Plaintiff–Appellant.

French & Stone, P.C., Joseph C. French, David M. Haynes, Boulder, for Defendant–Appellee.

Opinion by Judge NEY.

In this action concerning the use of real property, plaintiff, Board of County Commissioners, County of Boulder (Board), appeals the trial court's award of attorney fees to defendant, Robert Eason. The court found that plaintiff had violated defendant's due process rights and based its award on 42 U.S.C. § 1988 (1994). The court alternatively awarded defendant attorney fees pursuant to § 13–17–101, et seq., C.R.S.1997, based on its finding that plaintiff's action was brought in bad faith, was abusive, substantially groundless, frivolous, and vexatious. We affirm the award under § 13–17–101 et seq. and reverse the award under § 1988.

Defendant owns real estate which is zoned for commercial use. In 1988, he inquired of the Boulder County Land Use Department regarding his proposal to use semi-trailers as commercial storage facilities on his property. In response, the chief building officer informed defendant that his proposed use qualified as "open storage," a permitted use on commercial-zoned property. Defendant's use was approved subject to certain restrictions, with which defendant only partially complied when he opened his self-storage business in 1991.

In 1993, the Board informed defendant that his business violated the Boulder County Zoning Resolution because the use of inoperable and unlicensed vehicles for storage was not a permitted use within the commercial zone. Defendant was ordered to remove his trailers within thirty days or face legal consequences.

Defendant refused to comply and the Board filed this enforcement action seeking a declaratory judgment and injunctive relief to compel defendant to remove the trailers from his property.

Defendant denied any wrongdoing and asserted as an affirmative defense that, to the extent the Board was successful in obtaining the relief sought against him, he would be deprived of due process of law.

At the close of the Board's case, the trial court dismissed the complaint and found that defendant's use of semi-trailers was lawful under the zoning ordinance and building codes, that it was a use-by-right, that the land use department was creating its own arbitrary standards, and that the Board had violated defendant's due process rights by reinterpreting a zoning ordinance without notice or a hearing.

Defendant moved for attorney fees, which the court awarded based on findings that, as a matter of fact and law, a due process

violation had occurred and that, therefore, attorney fees were justified under 42 U.S.C. § 1988. The court alternatively awarded attorney fees under § 13–17–101, et seq., based on its finding that the Board's action against defendant constituted a bad faith claim which was substantially frivolous, groundless, and vexatious.

In an appeal on the merits of the declaratory judgment, the Board argued that the trial court had erred in dismissing its action to enjoin defendant's use of his property based on a finding that defendant had been denied due process. However, a division of this court affirmed the judgment. *Board of County Commissioners v. Eason,* (Colo.App. No. 95CA2207, May 15, 1997)(not selected for official publication) (*Eason I* ).

Defendant subsequently brought a civil rights action against the Board for damages pursuant to 42 U.S.C. § 1983 (1994) based on the same facts and occurrences. The trial court dismissed on the basis of *res judicata,* stating that the § 1983 damages should have been sought in the declaratory judgment action. Defendant appealed, and a division of this court concluded that, the § 1983 claim had not been litigated in the declaratory judgment action, nor was defendant required to assert it there. Hence, the action was not barred by *res judicata,* and the court remanded the § 1983 claim to the trial court for trial on the merits of that claim. *Eason v. Board of County Commissioners,* 961 P.2d 537 (Colo.App.1997) (*Eason II* ).

In July 1997, the same division of this court which decided the appeal of the declaratory judgment action (*Eason I* ), issued a post-opinion order stating that the appeal on the merits was not frivolous and stating further that the determination that the original declaratory judgment action was frivolous would be reviewed during the disposition of the appeal presently before us. Therefore, we consider here the issues of whether the attorney fees in the original case (*Eason I* ) were properly awarded under either § 13–17–101, et seq. or 42 U.S.C. § 1988.

## I.

The Board argues that the trial court abused its discretion in awarding defendant attorney fees for claims lacking substantial justification under §§ 13–17–102 and 13–17–103, C.R.S.1997, and failed to make findings that would permit meaningful appellate review. We disagree.

To prevail on a claim for attorney fees pursuant to § 13–17–102, C.R.S.1997, defendant has the burden of proving by a preponderance of evidence that the Board's claims lacked "substantial justification." Section 13–17–102(2), C.R.S., 1997; *Board of County Commissioners v. Auslaender,* 745 P.2d 999 (Colo.1987). "Substantial justification" is defined by the statute as "substantially frivolous, substantially groundless, or substantially vexatious." Section 13–17–102(4), C.R.S. 1997.

The decision to award attorney fees on the basis that a claim lacks substantial justification is committed to the sound discretion of the trial court. *Engel v. Engel,* 902 P.2d 442 (Colo.App.1995).

An award of attorney fees for instituting a frivolous, groundless, or vexatious action will not be disturbed on appeal if supported by the evidence, *Weber v. Wallace,* 789 P.2d 427 (Colo.App.1989), unless the court has abused its discretion in making the award. *Schmidt Construction Co. v. Becker–Johnson Corp.,* 817 P.2d 625 (Colo.App.1991).

A claim is frivolous if the proponent can present no rational argument based on the evidence or law in support of the claim. *See Western United Realty, Inc. v. Isaacs,* 679 P.2d 1063 (Colo.1984).

A claim is groundless if the allegations in the complaint, while sufficient to survive a motion to dismiss for failure to state a claim, are not supported by any credible evidence. *See Western United Realty, Inc. v. Isaacs, supra.*

A vexatious claim is one brought or maintained in bad faith. *Bockar v. Patterson,* 899 P.2d 233 (Colo.App.1994). Bad faith may include conduct which is arbitrary, vexatious, abusive, or stubbornly litigious, and may also include conduct aimed at unwarranted delay or disrespectful of truth and

accuracy. *See Western United Realty, Inc. v. Isaacs, supra.*

In determining if an award of attorney fees is warranted and in assessing the amount of such fees under § 13–17–102, the trial court is required to make findings based on the relevant factors set out in § 13–17–103(1), C.R.S.1997 to permit meaningful appellate review of its disposition. Also, conclusory statements that a claim is frivolous, groundless, or vexatious are insufficient for purposes of appellate review and inadequate to satisfy the statutory requirement of specificity. *See In re Marriage of Aldrich,* 945 P.2d 1370 (Colo.1997).

The record reflects that the court specifically found, with evidentiary support, that as pursued by plaintiff, this case was abusive of defendant, brought in bad faith with little effort to determine the validity of the claim, substantially groundless, frivolous, and vexatious. The court also adopted the thorough statements of defense attorneys analyzing the factors set forth in § 13–17–103(1) as its findings and then granted attorney fees based on those findings. We conclude these findings are sufficient, with evidentiary support, to affirm the award of attorney fees under § 13–17–103(1). The determination by a division of this court in *Eason I* in its post-opinion order that the appeal of *Eason I* was not frivolous precludes our consideration of an award of attorney fees premised on § 13–17–103(1) on appeal of *Eason I.*

## II.

The Board argues that defendant did not litigate a § 1983 claim and is not, therefore, entitled to an award of attorney fees pursuant to § 1988. Because it may affect defendant's right to recover attorney fees incurred in the appeal of *Eason I,* we address the propriety of the trial court's award under 42 U.S.C. § 1988.

Defendant agrees that the declaratory judgment action was not a § 1983 action, but argues that the finding of a due process violation fulfills the elements of a § 1983 claim and therefore supports an award for § 1988 attorney fees. We are not persuaded.

The Board argues that defendant neither pre-trial nor during trial referred to 42 U.S.C. § 1983, nor requested attorney fees pursuant to 42 U.S.C. § 1988. In his answer, defendant's demand for attorney fees is only based upon § 13–17–101, et seq., and C.R.C.P. 11. However, defendant does refer to §§ 1983 and 1988 among the "points of law" in his supplemental disclosure certificate, and specifically raises these sections in his post-trial motion for attorney fees.

We recognize that under *Atchison v. City of Englewood,* 180 Colo. 407, 506 P.2d 140 (1973), a party may seek in a subsequent action remedies not awarded in the declaratory judgment action. However, we conclude that this subsequent action cannot be a post-trial motion for attorney fees based on a claim never raised in the action. Rather, *Atchison* contemplates an action such as *Eason II* which fully explores the § 1983 claim and determines whether a right to relief under § 1983 has been established.

In his motion for attorney fees, defendant asserts that the trial court's finding of a due process violation supports a § 1988 award of attorney fees because the finding of a due process violation satisfies the elements of a § 1983 claim. However, defendant ignores the fact that he alleged a due process violation would occur only if the court were to grant any of the relief requested by the Board, which the court did not do.

Under 42 U.S.C. § 1988, a court may, in its discretion, award reasonable attorney fees as part of the award of costs to a prevailing party in an action to enforce 42 U.S.C. § 1983. Specifically, the statute provides in pertinent part:

> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

In light of this statutory wording, we conclude that the trial court's findings of "due process violations as a matter of fact" and "as a matter of law" are an insufficient basis

to trigger a § 1988 award of fees because § 1983, the predicate for attorney fees under § 1988, was not properly raised nor litigated during the declaratory judgment action.

Insofar as it is premised on § 13–17–101, et seq., C.R.S.1997, the order is affirmed. Insofar as the order awarding attorney fees is premised on 42 U.S.C. § 1988, it is reversed.

Judge VOGT concurs.

Judge RULAND concurs in part and dissents in part.

Judge RULAND concurring in part and dissenting in part.

I concur with the result reached by the majority in Part I of the opinion. However, I conclude that defendant's claim for attorney fees under § 1983 and § 1988, 42 U.S.C. was asserted in full compliance with applicable rules. Therefore, defendant is not precluded from an award of fees for the defense of the appeal in *Board of County Commissioners v. Eason,* (Colo.App. No. 95CA2207, May 15, 1997)(not selected for official publication)(*Eason I* ), and thus I respectfully dissent from the result reached in Part II of the opinion.

C.R.C.P. 57(h) specifically provides that either party may seek "further relief based on a declaratory judgment or decree whenever necessary or proper." Consistent with the express language of the rule, this provision has been relied upon previously to assert a claim for fees under § 1983 and § 1988 subsequent to entry of a declaratory judgment. *See Subryan v. Regents of the University of Colorado,* 789 P.2d 472 (Colo.App. 1989). It has been properly relied upon to assert a post-decree claim for fees under other legal theories as well. *See Agee v. Trustees of the Pension Board,* 33 Colo.App. 268, 518 P.2d 301 (1974); *see also* C.R.C.P. 121, § 1–22 (an award of fees based upon a statute may be requested by motion within 15 days after entry of the judgment).

Here, there is no contention that defendant's post-trial motion was either untimely or deficient in pleading a claim for fees under § 1983 and § 1988. And, as noted by the majority, the determination that the county's

actions constituted a due process violation has been affirmed. Finally, as the division held in *Eason v. Board of County Commissioners,* 961 P.2d 537 (Colo.App.1997)(*Eason II* ) assertion of a post-decree damage claim under § 1983 is proper under *Atchison v. City of Englewood,* 180 Colo. 407, 506 P.2d 140 (Colo.1973).

Under these circumstances, I conclude that a fee award for the appeal of *Eason I* must be remanded to the trial court for its consideration. In my view, to require the claim for fees to be asserted prior to entry of the declaratory judgment contravenes the express language of C.R.C.P. 57(h) and is inconsistent with the analysis and holding in *Eason II.*

Accordingly, I would remand the case for consideration of an award of fees pursuant to § 1988 for defense of the appeal in *Eason I.*