**Dr. David CRISTE, Plaintiff,**

v.

**The CITY OF STEAMBOAT SPRINGS, Defendant.**

**No. 00–WY–576–CB.**

United States District Court, D. Colorado.

Nov. 9, 2000.

Edward L. Serr, Wells, Love & Scoby, Boulder, CO, for plaintiff.

Josh Adam Marks, Hall and Evans, Denver, CO, for defendant.

## MEMORANDUM OF DECISION AND ORDER

BRIMMER, District Judge.

Plaintiff Dr. David Criste brings this action against the City of Steamboat Springs, Colorado (the "City") under 42 U.S.C. § 1983 alleging due process violations. The Court exercises jurisdiction under 28 U.S.C. § 1331. The matter is currently before the Court on the City's motion for summary judgment on grounds of res judicata and collateral estoppel. Having considered the parties' briefs and oral arguments, and being fully advised in the premises, the Court hereby **FINDS** and **ORDERS** as follows:

### Background

This case stems from a dispute between Plaintiff and the City over Plaintiff's development and remodeling of commercial / residential real estate located within city limits. In 1993, Plaintiff submitted an application for development of the property that included a second story addition. The City approved Plaintiff's application and granted a Development Permit upon condition that the addition not encroach any further into the existing setbacks, which were already non-conforming.

In 1995, Plaintiff applied for a building permit to construct the second story addition. The City approved the building permit, apparently not noticing that the permit plans called for exterior steel supports for the second story, which supports violated the already non-conforming setbacks.

Having received the building permit, Plaintiff moved forward with acquisition of materials and initial construction of the addition.

Then, in August 1996, the City issued a stop work order on the basis that the addition was not in compliance with the 1993 Development Permit. Later that same month, however, the City withdrew the stop work order, subject to certain conditions, and allowed Plaintiff to continue construction. One of the conditions of the withdrawal required Plaintiff to submit an application to amend the 1993 Development Permit. Plaintiff submitted the application and continued with the addition. In January 1997, however, the City Planning Commission denied Plaintiff's application to amend the 1993 Development Permit and Plaintiff ceased all substantial construction on the property.

On April 8, 1997, the City filed a suit for injunctive relief against Plaintiff in state court. The following day, Plaintiff commenced a state-court action against the City and members of the City Council and Planning Commission. Plaintiff sought declaratory and injunctive relief as well as a suit for damages under 42 U.S.C. § 1983 for alleged violations of his due process rights. The state court consolidated the two cases under the case brought by the City.

On August 26, 1997, the state court issued an order granting the City's motion to dismiss for failure to state a claim for relief. The court dismissed Plaintiff's equitable claims on the basis that Plaintiff had failed to appeal the City's decision and failed to give notice of his estoppel claim as required by the Colorado Governmental Immunity Act, Colo.Rev.Stat. § 24–10–109. The state court further dismissed Plaintiff's § 1983 claims on ripeness grounds. This portion of the court's decision reads: "The claims for damages under 42 U.S.C. § 1983 is [sic] dismissed for lack of ripe-

ness ... as no variance has been applied for and no property interest has been shown." (Def.'s Mot. for Summ.J.Ex. 5.)

In September 1997, with the state-court action proceeding on the City's claim for injunctive relief, Plaintiff requested that the City grant a variance for his building. After a series of delays, the City ultimately denied the variance on March 17, 1998.

On April 14, 1998, within one month of the City's decision to deny the variance, Plaintiff (the state court defendant/counterclaimant) brought two, after-acquired counterclaims against the City. Plaintiff's first counterclaim requested a declaration that the City had "exceeded its jurisdiction and/or abused its discretion in denying [Plaintiff's] request for a variance." (*Id.* Ex. 6 at 7.) Plaintiff's second counterclaim sought "an injunction against [the City] prohibiting enforcement [of] the Development Permit ... and prohibiting the City from otherwise interfering with the completion of the construction of the improvements." (*Id.* Ex. 6 at 8.) Plaintiff did not counterclaim under § 1983 for violations of his due process rights, despite that such claims apparently ripened upon the City's decision to deny the variance.[1] After a bench trial, the state court ruled in Plaintiff's favor and entered an order requiring the City to accept the use as permitted, even with the set back violations, and to recognize Plaintiff's second-story addition as a legal, non-conforming structure.

Plaintiff now brings his § 1983 claims in this Court alleging violations of due process rights. Defendant moves for summary judgment on grounds of res judicata and collateral estoppel. Because the Court agrees that res judicata bars litigation of Plaintiff's § 1983 claims, this memorandum does not address Defendant's collateral estoppel argument.

---

1. At oral argument, counsel for Plaintiff revealed that this was a tactical decision, based on counsel's view that it would be better to litigate Plaintiff's civil rights claims in a federal forum.

### Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In determining whether there exists a genuine issue of material fact, courts must view the evidence in the light most favorable to the nonmoving party. *See Garratt v. Walker,* 164 F.3d 1249, 1251 (10th Cir.1998) (en banc). "A fact is 'material' if it 'might affect the outcome of the suit under the governing law,' and a 'genuine' issue exists if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Occusafe, Inc. v. EG&G Rocky Flats, Inc.,* 54 F.3d 618, 621 (10th Cir.1995) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

### Analysis

■ Federal courts "must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 81, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984) (citing *Allen v. McCurry,* 449 U.S. 90, 96, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980)). Accordingly, the claim preclusive effect in federal court of Plaintiff's state-court judgment is determined by Colorado law. *Id.* Disposition of Defendant's motion, therefore, requires application of Colorado claim preclusion rules as announced by the Colorado Supreme Court. *Fields v. Farmers Ins. Co.,* 18 F.3d 831, 834 (10th Cir.1994). If the Colorado Supreme Court has not decided the issues presented by this case, the Court must then predict how that court would rule. *Id.*

■ Under Colorado law, "[r]es judicata constitutes an absolute bar to subsequent actions only when both the prior and subsequent suits have identity of subject matter, identity of cause of action, and identity of capacity in the persons for which or against whom the claim is made." *Michaelson v. Michaelson,* 884 P.2d 695, 699 (Colo.1994) (quotation omitted). "The 'same claim or cause of action' requirement is determined by the injury for which relief is demanded, and not by the legal theory on which the person asserting the claims relies." *Id.* Thus, res judicata bars litigation of all issues actually decided as well as all issues that might have been decided. *See Klein v. Zavaras,* 80 F.3d 432, 434 (10th Cir.1996) (applying Colorado law); *City & County of Denver v. Block 173 Assocs.,* 814 P.2d 824, 830 (Colo.1991); *Batterman v. Wells Fargo Ag Credit Corp.,* 802 P.2d 1112, 1118 (Colo.Ct.App. 1990).

■ The City first contends that the state court's August 26, 1997 order dismissing Plaintiff's § 1983 claims constituted an adjudication on the merits, which precludes subsequent litigation on these claims. The Court disagrees. The August 26, 1997 order plainly dismisses the initial § 1983 causes of action on ripeness grounds, which does not constitute an adjudication on the merits for purposes of claim preclusion. *See Volvo N. Am. Corp. v. Men's Int'l Prof'l Tennis Council,* 857 F.2d 55, 65 (2nd Cir.1988) (citing 13A c. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3532.1, at 137 (1984) ("[I]t should be clear that dismissal for lack of ripeness is not a decision on the merits for purposes of preclusion by judgment.")).

■ Defendant next argues that because Plaintiff's § 1983 claims became ripe upon the City's decision to deny the variance, Plaintiff could have asserted this claim along with his counterclaims for declaratory and injunctive relief, and that his failure to do so bars litigation of the § 1983 claims. As noted above, Plaintiff concedes that he could have brought the instant causes of action as counterclaims in the earlier state-court proceeding. Fur-

ther, the parties agree that there exists identity of subject matter, cause of action, and capacity. Plaintiff, however, contends that he was not required to bring the § 1983 claims in the earlier proceeding under Colorado's declaratory judgment exception to res judicata. Defendant counters that the exception has no application to the facts of this case. Resolution of these competing points of view will determine the outcome of this case.

In *Atchison v. City of Englewood*, the Colorado Supreme Court held:

> We reaffirm the rule that a declaratory judgment is conclusive as to the questions raised by the parties and passed upon by the court.... A declaratory judgment, however, does not constitute an absolute bar to subsequent proceedings where the parties are seeking other remedies, even though based upon claims which could have been asserted in the original action.

180 Colo. 407, 506 P.2d 140, 143 (1973). The Colorado Court of Appeals applied the *Atchison* declaratory judgment exception in *Eason v. Board of County Comm'rs*, 961 P.2d 537 (Colo.Ct.App.1997). In *Eason*, the plaintiff business owner operated a semi-trailer storage facility in Boulder County. *Id.* at 538. The County first permitted the use, but then changed its mind and ordered the trailers removed. When the owner refused, the County sued for a declaration that the owner's use violated County codes, and for an injunction to compel removal of the semi-trailers. *Id.* Ruling in the owner's favor, the trial court held that the County's change of position was equivalent to a rezoning without a hearing in violation of the owner's due process rights. *Id.* at 539. The owner then initiated a separate suit against the County Commissioners seeking damages under 42 U.S.C. § 1983. *Id.* The trial court dismissed the subsequent action on res judicata grounds. *Id.* Relying on *Atchison*, the appellate court reversed, holding that res judicata would not bar the owner from bringing "a separate claim for

damages in [the] later proceeding and that he was not required to assert [the separate claim] as a compulsory counterclaim in the declaratory judgment action." *Id.* at 540.

Plaintiff argues that *Eason* requires application of the *Atchison* exception to his case. He contends that the City's action against him is indistinguishable from Boulder County's initial suit against the owner in *Eason*, and that therefore, he was not required to bring his § 1983 action as a counterclaim. While the Court otherwise agrees with this view of the City's case against Plaintiff, Plaintiff's contention omits an important fact that clearly distinguishes this case from *Eason*. In the original state-court action, Plaintiff counterclaimed not only for declaratory relief but for coercive relief as well. Plaintiff requested and obtained an injunction against the City. This fact clearly distinguishes Plaintiff's case from *Eason*, where the plaintiff did not counterclaim for coercive relief. The difference is significant as the great weight of authority holds that where a party seeks declaratory as well as coercive relief, the declaratory judgment exception to res judicata does not apply. *See Stericycle, Inc. v. City of Delavan*, 120 F.3d 657, 659–60 (7th Cir.1997) (interpreting Wisconsin law); *Cimasi v. City of Fenton*, 838 F.2d 298, 299 (8th Cir.1988) (interpreting Missouri law); *Minneapolis Auto Parts Co. v. City of Minneapolis*, 739 F.2d 408, 410 (8th Cir.1984) (interpreting Minnesota law); *Mandarino v. Pollard*, 718 F.2d 845, 847–849 (7th Cir.1983) (interpreting Illinois law); *State v. Smith*, 720 P.2d 40, 41 n. 2 (Alaska 1986); *see also* 18 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure: Jurisdiction* § 4446, at 401 (1981) (Reciting as a "relatively secure starting point," that "[s]o long as the request for declaratory relief is combined or followed with coercive relief, the claim preclusion rules that apply to actions for coercive relief apply with full force."). Because Plaintiff's case is clearly distinguishable from *Eason*, the Court must consider other Colorado cases in this

area to determine how the Colorado high court would rule in this case.

The Court is aware of two Colorado Supreme Court cases that address the claim preclusive effects of a declaratory judgment. The first is *Lane v. Page*, 126 Colo. 560, 251 P.2d 1078 (1952). In *Lane*, the plaintiffs sought both a declaration that they had a right to use a roadway and an injunction preventing the defendant from interfering with that right. 251 P.2d at 1079. The plaintiffs ultimately prevailed and then brought a second action for damages resulting from defendant's prior blockading of the roadway. *Id.* The trial court awarded damages but the Colorado Supreme Court reversed, holding that res judicata barred the second action for damages. *Id.* at 1079–80. *Lane* is factually similar to this case; the plaintiffs prevailed in an action for declaratory and injunctive relief, and then sought damages in a subsequent action. Thus, if *Lane* were controlling, no further analysis would be necessary.

*Lane*, however, was at least partially overruled by *Atchison v. City of Englewood*, 180 Colo. 407, 506 P.2d 140 (1973). The plaintiffs in *Atchison* sold a parcel of real estate to the defendant municipality. *Id.* at 141. As part of the deal, the plaintiffs retained a preemptive right to repurchase the property. *Id.* When the defendant municipality sold the property to a third party, the plaintiffs brought suit for a declaration of rights under the agreement. *Id.* The trial court ruled against the plaintiffs on the ground that the preemptive purchase right was void as a violation of the rule against perpetuities. *Id.* After an unsuccessful attempt to gain a new trial, the plaintiffs filed a separate action against the defendant municipality seeking reformation of the agreement creating the preemptive right, rescission of the conveyance, or damages. *Id.* at 141–42. Relying on *Lane*, the trial court held the subsequent action barred by res judicata. *Id.* at 142. On appeal, the plaintiffs argued that their case was distinguishable from *Lane*

because the plaintiffs in *Lane* sought not only declaratory relief, but injunctive relief as well. *See Atchison v. City of Englewood*, 30 Colo.App. 207, 492 P.2d 885, 888 (1971). The appellate court did not find this a valid distinction, and held that "the declaratory judgment in the previous suit was res judicata as to any right to coercive relief which could have been raised." *Id.*

In reversing the appellate court, the Colorado Supreme Court distinguished *Lane* on the following basis: *Lane* involved plaintiffs who prevailed in one action and then sought further relief in a second action, whereas *Atchison* involved plaintiffs who lost in the earlier action and then sought other remedies in a second action. *Atchison*, 506 P.2d at 143. The Court continued: "This may or may not be a distinction without a difference. In any event, we confine ourselves here to the holding that as to declaratory judgment actions, insofar as *Lane* supports the Court of Appeals' opinion, it is overruled." *Id.* Although difficult to determine the precise scope of this language, this Court is convinced that the *Atchison* court did not intend to overrule *Lane* on its facts. Rather, *Atchison* appears more concerned with the intermediate court's decision to read *Lane* as giving claim preclusive effect to all declaratory judgments. For its part, *Lane* did not specifically address the relevance of the plaintiffs' earlier decision to seek injunctive relief in that case. Indeed, *Lane*'s holding seems to ignore this aspect of the case altogether: "Where, as here, the damages were antecedent and might with property have been determined in the same proceeding in which declaratory judgment *alone* was sought, we think such judgment should operate as a bar to any subsequent claim therefor." *Lane*, 251 P.2d at 1080 (emphasis added). Unfortunately, *Atchison* too fails to discuss the significance of the *Lane* plaintiffs' decision to seek coercive as well as declaratory relief. In the absence of any specific discussion on this point, and in consideration of the language used to reverse the inter-

mediate courts' decision, this Court does not read *Atchison* as overruling *Lane* on its facts.

Nor, however, does this Court find *Lane* to be controlling. *Lane*'s holding that res judicata applies to all declaratory judgments was clearly overruled by *Atchison*, and, as noted above, *Lane* itself fails to discuss the claim preclusive effects of a party's decision to seek coercive as well as declaratory relief. Because none of *Lane*, *Atchison*, or *Eason* are controlling of the circumstances presented in this case, the Court must look elsewhere to determine how Colorado's high court would rule.

As noted above, the overwhelming majority of courts to consider this issue have held that where a party seeks coercive as well as declaratory relief, normal claim preclusion rules apply. Indeed, the Court is aware of no authority to the contrary. Most cases discussing the general declaratory judgment exception cite § 33 of the Second Restatement of Judgments. *See, e.g.*, *Eason* 961 P.2d at 540 (citing comment § 33 cmt. c.) Comment c. to § 33 recites the exception in the following terms:

> When a plaintiff *seeks solely declaratory relief*, the weight of authority does not view him as seeking to enforce a claim against the defendant. Instead, he is seen as merely requesting a judicial declaration as to the existence and nature of a relation between himself and the defendant. The effect of such a declaration, under this approach, is not to merge a claim in the judgment or to bar it. Accordingly, regardless of outcome, the plaintiff or defendant may pursue further declaratory or coercive relief in a subsequent action....

Restatement (Second) of Judgments § 33 cmt. c (1980) (emphasis added). In using such language, the commentators explicitly limited the scope of the exception to those cases where the plaintiff "seeks solely declaratory relief." Any doubt as to this limited scope is cleared up by comment d, which reads in part:

> Pleaders sometimes interpolate declaratory prayers redundantly in standard actions but this should not produce differences in the res judicata consequences of those actions. Thus a pleader demanding money damages may also ask for a corresponding declaration. For res judicata purposes the action should be treated as an adversary personal action concluded by a personal judgment with the usual consequences of merger, bar, and issue preclusion.

*Id.* § 33 cmt. d. These comments make clear that where a party seeks both declaratory and coercive relief ordinary rules of claim preclusion should apply.

The policy reasons justifying a limited application of the exception are obvious. First, to allow the exception to extend beyond purely declaratory relief would run counter to the purpose of declaratory actions, which is "to provide a remedy that is simpler and less harsh than coercive relief." *Id.* § 33 cmt. c. Perhaps more importantly, to permit some but not other coercive actions to accompany a request for declaratory relief would open the door to uncertainty and potential claim splitting. The Court sees no justification, for example, for applying ordinary claim preclusion rules to cases where the plaintiff seeks declaratory and damage relief, but a different set of rules to cases where the plaintiff seeks declaratory and injunctive relief. Moreover, if courts were to apply a more lenient set of rules to the latter situation, this would encourage parties to split their causes of action to gain a second bite at the apple if not successful in the first lawsuit. To avoid uncertainty, application of preclusion rules must be clear. Once a party seeks and obtains coercive relief, the basis for applying the declaratory judgment exception evaporates, and ordinary rules of claim preclusion must apply. For these reasons, and in light of the persuasive authority from other jurisdictions, the Court finds that Colorado's highest court would hold that the *Atchison* exception has no application where the

plaintiff has sought and obtained coercive relief in the initial proceeding. Therefore, because Plaintiff sought both coercive and declaratory relief in the previous state action, he is now barred from pursuing his § 1983 claims in this Court.

### Conclusion

For reasons stated, the Court finds that the Colorado Supreme Court would hold that the *Atchison* exception to res judicata does not apply to the facts of this case. Under Colorado law of res judicata, as interpreted by this Court, the state-court judgment on Plaintiff's claims for declaratory and injunctive relief precludes Plaintiff from asserting his § 1983 claims in this Court. Therefore,

**IT IS HEREBY ORDERED** that Plaintiff's claims under 42 U.S.C. § 1983 are **DISMISSED WITH PREJUDICE.**