**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 23 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

TOM REYNOLDS; DEBBIE
REYNOLDS, individually and doing
business as Energy Plus Corp.,

          Plaintiffs-Appellants,

v.

QUARTER CIRCLE M RANCH,
INC.; MUELLER RANCH
HOMEOWNERS ASSOCIATION,
INC., a Colorado Nonprofit
Corporation; RANDY WITTE,
Director, President of Mueller Ranch
Homeowners Association, Inc.;
POLLY MUNSON, Director, Member
of the Architecture Control
Committee of Mueller Ranch
Homeowners Association, Inc.; PAT
JAHNER, Director and Secretary of
Mueller Ranch Homeowners
Association, Inc.; MARSHA WITTE,
Treasurer of Mueller Ranch
Homeowners Association, Inc.;
PHRED JAHNER, Member of the
Architecture Control Committee of
Mueller Ranch Homeowners
Association, Inc.; ELLEN
CORDIONIERE, Member of the
Architecture Control Committee of
Mueller Ranch Homeowners
Association, Inc.; WILLIAM A.
MUNSON, Member of the
Architecture Control Committee of
Mueller Ranch Homeowners
Associations, Inc.; JOHN A.

No. 01-1094
(D.C. No. 00-K-2460)
(D. Colo.)

McKNIGHT, Member of the
Architecture Control Committee of
Mueller Ranch Homeowners
Association, Inc.,

    Defendants-Appellees.

---

**ORDER AND JUDGMENT** *

---

Before **HENRY, ANDERSON,** and **BRISCOE,** Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiffs Tom and Debbie Reynolds, an interracial married couple, and Energy Plus Inc., their privately-held business entity (the Reynolds), are owners of a parcel of land in the Mueller Ranch, a covenant-controlled residential subdivision in rural El Paso County, Colorado. They instituted this action against defendants, who are all associated with the Mueller Ranch Homeowners

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Association, Inc. (the Homeowners Association), alleging racial discrimination in violation of the Fair Housing Act of 1968, 42 U.S.C. §§ 3601-3631; the Civil Rights Act of 1866, 42 U.S.C. §§ 1981, 1982; the Colorado Fair Housing Act, Colo. Rev. Stat. § 24-34-501 to 509. [1] The district court granted the defendants' motion to dismiss, holding that it lacked jurisdiction to proceed because the judgment entered in a prior state lawsuit, filed by the Homeowners Association, barred the present action. We reverse the decision of the district court.

## BACKGROUND [2]

The Reynolds entered into an agreement to purchase site #6 in the Mueller Ranch on July 14, 1998. Mueller Ranch covenants require that plans and specifications must be submitted to and approved in writing by the Architecture Control Committee (ACC) of the Homeowners Association before construction begins. By December 1999, however, the Reynolds had made improvements to their lot without ACC approval. From December 1999 through February 2000,

---

[1] Plaintiffs also asserted state claims of negligence and breach of contract. From their filings in this court, it appears that they are appealing only the dismissal of a their discrimination-based claims.

[2] The factual record in this case is undeveloped. At the time of the district court's dismissal ruling, the case file contained plaintiffs' complaint and a trial brief (submitted by all defendants except Pat and Phred Jahner), to which portions of the state-court record was attached as an exhibit.

the Reynolds submitted plans to the ACC and the ACC rejected them as inadequate and incomplete.

On March 27, 2000, the Homeowners Association filed a complaint in state court, requesting a mandatory injunction requiring the removal of material or structures installed on the Reynolds' property and enjoining any further construction prior to the ACC's written approval of plans. The Homeowners Association also sought an award of costs, including attorneys' fees, pursuant to the Mueller Ranch covenants. After entry of a clerk's default, the Reynolds filed a belated answer, generally denying the allegations in the complaint. [3]

On May 19, 2000, the state court found that the Reynolds had been properly served with process, that they demonstrated no just cause to set aside the clerk's default, that they had been given repeated warnings concerning the requirements of the covenants, and that they had violated these requirements. It therefore entered default judgment in favor of the Homeowners Association. Additionally, the court determined that the Homeowners Association was entitled to a permanent injunction enjoining the Reynolds from further construction on their

---

[3] The Reynolds' untimely answer is not included in the record on appeal and, evidently, was not before the district court. In the state court's order denying defendants' motion for relief under Colo. R. Civ. P. 60(b), however, the court described the "purported Answer [as] merely a general denial of the allegations in the Complaint [which] sets out no claim of any meritorious defense." Appellants' App. at 65.

-4-

property and requiring restoration of the property to its pre-construction condition. The court, however, essentially stayed the effective date of its order by setting deadlines for the Reynolds' submission of plans, for the Homeowners Association's action on the plans, and for the Reynolds' resort to the court for injunctive relief if their plans were rejected. The court also awarded costs and attorneys' fees to the Homeowners Association.

On August 23, a new attorney entered an appearance for the Reynolds, requested a status conference, and asked for injunctive relief. In this filing, the attorney raised the first suggestion of discrimination. She maintained that her clients had been "left in an untenable and unequitable position because of the events of this case and the ongoing disdainful and discriminatory actions of Plaintiff against Defendants concerning the improvement of their property." Appellants' App. at 60. The court denied the Reynolds' motions, stating that "[t]his matter has been concluded, and judgment has been entered against Defendants." *Id.* at 62. In subsequent orders, the court denied the Reynolds' motion for relief from judgment under Colo. R. Civ. P. 60(b) and entered an order finding the Reynolds in contempt of court for failing to restore the property.

Outside of court, the dispute between the Reynolds and the Homeowners Association continued. The Reynolds allege that, during the post-judgment period, they were intimidated and their property was vandalized. On

November 21, 2000, the Reynolds sent a final set of plans to the ACC and, ten days later, the ACC again determined that the plans were incomplete and inadequate.

Shortly afterwards, the Reynolds filed this discrimination action in federal district court, seeking damages and asking for injunctive relief. At a hearing held January 17, 2001, counsel for the Homeowners Association argued that the state-court lawsuit had stripped the district court of jurisdiction over the Reynolds' complaint because the discrimination claims could have been advanced as counterclaims. [4] Counsel asserted that the allegations in the substitute attorney's entry of appearance made it "abundantly clear" that the discrimination theory "had ripened while the state court matter was proceeding." *Id.* at 85. [5]

---

[4] Originally, the hearing was set on the Reynolds' motion for a temporary restraining order, but the district court first heard argument on the Homeowners Association's jurisdictional challenge. The Reynolds' motion (which is not included in the appendices filed by the appellants and appellees) apparently requested a stay of a state foreclosure action. Because the district court determined it had no jurisdiction over any matter raised in the Reynolds' complaint, it did not reach the merits of the motion. The court, however, made an appropriate reference to 28 U.S.C. § 2283, which provides that a federal court may not stay proceedings in a state court "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

[5] The parties agree that state and federal courts share concurrent jurisdiction over the Reynolds' federal discrimination claims. *See* 42 U.S.C. § 3613(a)(1)(A) (allowing an aggrieved person to bring a Fair Housing Act claim in either federal district court or state court); *Gonzales v. Hernandez*, 175 F.3d 1202, 1206 (10th Cir. 1999) (discussing concurrent jurisdiction over § 1981 and § 1983 claims).

The district court accepted the Homeowners Association's argument. The court determined that, through operation of the doctrine of res judicata, it lacked jurisdiction over the Reynolds' claims. It therefore dismissed the case with prejudice and later denied the Reynolds' motion for relief under Fed. R. Civ. P. 60(b).

**DISCUSSION**

We review de novo the district court's determination that the doctrine of res judicata barred plaintiffs' claims. *See Fox v. Maulding*, 112 F.3d 453, 457 (10th Cir. 1997). "Federal courts must give to state court judgments 'the same full faith and credit . . . as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.'" *Id*. at 456 (quoting 28 U.S.C. § 1738). Therefore, we look to the law of Colorado to determine the preclusive effect to be given the judgment entered in the state foreclosure action. *Id.*

Under Colorado law, "subsequent actions" are barred "when [an] initial proceeding produces a final judgment, and when identity of subject matter, identity of claims for relief, and identity of parties exist as to both claims." *Eason v. Bd. of County Comm'rs*, 961 P.2d 537, 539 (Colo. Ct. App. 1997). Res judicata "not only bars issues actually decided, but also any issues that should have been raised in the first proceeding, but were not." *Id.* Nevertheless,

"[u]nless compulsory counterclaim rules apply, . . . purely defensive use of a legal theory does not preclude a later action for affirmative recovery on the same theory." *Id.* Colorado's compulsory counterclaim rule, Colo. R. Civ. P. 13(a), like its federal counterpart, "requires an answer to a complaint to include any counterclaims that the pleader has against the opposing party *at the time of filing*, if such counterclaims arise out of the same transaction or occurrence as the opposing party's claim." *Id.* (emphasis added). *See also Arch Mineral Corp. v. Lujan*, 911 F.2d 408, 412 (10th Cir. 1990) (stating that, under Fed. R. Civ. P. 13(a), "[w]here a defendant acquires a claim after his answer has been filed it is not a compulsory counterclaim even if it arises out of the same transaction").

The Homeowners Association may be correct in asserting that the Reynolds' discrimination claims arose out of same transaction or occurrence as the matters raised in the prior state-court action. Res judicata bars the pursuit of these claims, however, only if they could have been maintained at the time when the Reynolds filed their answer in state court. Even under the Homeowners Association's view of the case, the issues of discrimination described by the plaintiffs did not arise until after the entry of judgment, when the state court considered the case "concluded." Appellant's App. at 62.

The record before the district court did not establish a res judicata bar of the Reynolds' discrimination claims. Although we make no comment on the

ultimate merit of these claims, we conclude that the district court erred in dismissing the action for lack of jurisdiction. We REVERSE the district court's order of dismissal and remand for further proceedings consistent with this order and judgment.

Entered for the Court


Stephen H. Anderson
Circuit Judge